**WOOD et al. v. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND.**

No. 4280.

Circuit Court of Appeals, Seventh Circuit.

June 13, 1930.

Rehearing Denied Aug. 18, 1930.

Harvey B. Hartsock, of Indianapolis, Ind., for appellants.

Donald P. Shinn, of Columbus, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

The complaint alleges, in addition to the necessary jurisdictional facts, that appellant Wood operated a fruit orchard in Bartholomew county, Ind., and employed Hubert S. Taylor as foreman thereof; that on April 25, 1928, appellant Wood purchased of appellee the insurance policy which is the basis of the action, and is made an exhibit to the complaint; that the wages of Hubert S. Taylor were included in the pay roll estimate named in the policy; that, while engaged in such employment as foreman, and while attempting to induce another employee to perform his duties, an altercation arose which resulted in such other employee murdering Hubert S. Taylor, at a time when the policy in suit was in full force and effect. The complaint further alleges the relationship and dependency of the appellants, other than Wood and the administratrix, to and upon the decedent; it also alleges what sums would be payable to such dependents by reason of the injury were the decedent definitely covered by the Indiana Workmen's Compensation Law (Burns' Ann. St. Ind. 1926, § 9446 et seq.).

There is no disagreement between appellants and appellee as to the facts, and the only controversy is as to the construction of the insurance contract, which is entitled "Standard Workmen's Compensation and Employers' Liability Policy." The first sentence thereof states that appellee " * * * does hereby agree with this Employer (Elmer U. Wood), * * * as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

"One (a) To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due, * * * "

"One (b) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees, * * * * " etc.

At the time of the murder of Taylor, the Indiana Workmen's Compensation Law provided that the law "shall not apply * * * to farm or agricultural employees, nor to domestic servants, nor to the employers of such persons, unless such employees and their employers file with the industrial board their voluntary joint election to be so bound." Section 9454, Burns' 1926 R. S. Indiana.

It being admitted that the decedent at the time of his death was a farm or agricultural employee, that no joint election was ever filed with the Industrial Board, and that his death was not caused by any act of his employer, it is quite apparent that appellants have stated no cause of action under the provisions of the policy quoted above. The remaining paragraphs of the policy, as originally quoted, are conceded to be not pertinent to this case.

Two printed indorsements, however, are attached to the policy and are a part thereof. The first is entitled "W. C. 2364, Indiana (1)," and is as follows:

"In so far as the Indiana Workmen's Compensation Act applies to any injury or death covered by the policy to which this endorsement is attached, such policy is amended in accordance with this endorsement.

"This employer, upon the acceptance of this policy, agrees that at the effective date hereof he has accepted and is bound by The Indiana Workmen's Compensation Act in full compliance with Sections 2 and 4 thereof, and will not during the policy period elect to reject the provisions of such act as provided by Section 3 thereof. * * *

"The following parts of this policy are wholly eliminated as inconsistent with the express statutory requirements of the State of Indiana and such parts are hereby agreed to be null, void and of no effect, viz; All of paragraph one (a); * * *

"The following express statutory requirements of the State of Indiana, in the exact language of the statute, are hereby made a part of this policy as fully as if actually printed or written therein, it being understood that the word 'insurer' used in such requirements shall mean the corporation named in the policy and word 'insured' so used shall mean this employer named in the policy. * * *

"(d) That this insurer will promptly pay to the person entitled to same, all benefits

conferred by 'The Indiana Workmen's Compensation Act,' including physician's fees, nurse's charges, hospital service, hospital supplies, burial expenses and all installments of compensation or death benefits that may be awarded or agreed upon under said act; that the obligation of this insurer shall not be affected by any default of the insured (the employer) after the injury or by any default in the giving of any notice required by this policy, or otherwise; that this policy is and shall be construed to be a direct promise by this insurer to the person entitled to physician's fees, nurse's charges, fees for hospital service, charges for hospital supplies, charges for burial, compensation or death benefits, and shall be enforceable in the name of such person. * * *

"The Employers' Liability Assurance Corporation, Limited, of London, England, By Edward C. Stone, Manager and Attorney for the United States.

"Countersigned · at Columbus, Indiana, this 25th day of April, 1928, by W. H. Blessing, Authorized Agent."

As stated in its terms, this indorsement applies only in so far as the Indiana Workmen's Compensation Act applies to any injury or death covered by the policy, and it adds no strength to the theory of the complaint.

The second indorsement is entitled "Voluntary Compensation Endorsement Form 3345 (2)," and is as follows:

"In consideration of the premium at which this policy is written, the corporation hereby obliges itself to pay to any employee whose wages are included in the payroll estimate named in this policy, such sums as might be due to such employee for any injury arising out of and in the course of his employment as would be payable if such employee were definitely covered under the provisions of the Indiana Workmen's Compensation Law.

"It is agreed that payment of Compensation as herein provided to employees who are not covered by the said Workmen's Compensation Law shall be in exchange for a release from all further liability for damages; and it is further agreed if any employee elects to refuse the compensation herein provided, the corporation will defend in the name and on behalf of the employer, any claim brought against the employer in accordance with the provisions of paragraph One (b) of the policy. Irrespective of any provisions in this endorsement and in any and every event, the obligations of paragraph One (b) of the pol-

icy are limited to the sum of $5,000 for each person injured or killed. Policy is subject otherwise to all its agreements, conditions and declarations."

The sole controversy arises over the interpretation of the first paragraph of the indorsement last referred to, and more particularly to the interpretation of the following words:

"Such sums as might be due to such employee for any injury arising out of and in the course of his employment as would be payable if such employee were definitely covered under the provisions of the Indiana Workmen's Compensation Law."

Appellants contend that the effect of the second indorsement is to give the employee described in it the same benefits under the policy which he would have were such employee definitely covered by the Indiana Workmen's Compensation Law. They do not claim that decedent, by virtue of his employment, came within the provisions of such law; nor are they relying upon any common-law or statutory ground for damages on account of any negligence of the employer. The sole theory of the complaint is that the second indorsement on the policy constitutes a contract between appellee and appellant Wood for the benefit of Hubert S. Taylor, which upon Taylor's death inured to his administratrix and his dependents.

Appellee insists that the policy, including the indorsements, constitutes a contract of indemnity only, whereby appellee agreed (1) to pay to any person entitled thereto under the Indiana Workmen's Compensation Law the entire amount of any sum due for which the employer, under that law, was liable; (2) to indemnify the employer against loss by reason of liability imposed upon him by law for damages on account of injuries to employees who were not within the purview of the Indiana Workmen's Compensation Law.

The wording of the second indorsement, and the absence of punctuation, renders it very difficult to determine precisely where the minds of the parties met. In interpreting and construing contracts, certain elementary principles must be constantly kept in mind:

█ (1) The intention of the parties is controlling, if ascertainable, and is governed by the situation of the contracting parties and the language employed.

█ (2) Language must be given its ordinary meaning unless a technical or special meaning is clearly intended.

(3) The contract must be construed as a whole, and in such manner as to give effect to each part, if reasonably possible.

The situation of the parties to the contract at the time it was entered into is as follows: The employer, Wood, was operating a fruit orchard. He had in his employ several workmen, some of whom were not, or at times might not be, engaged in farm or agricultural work, and, if not, they were clearly within the provisions of the Indiana Workmen's Compensation Law. The employer had other men working for him who were, or at times might be, engaged in farm or agricultural labor, and if and when they were engaged in such work they were not subject to the provisions of the Indiana Workmen's Compensation Law; nevertheless the employer would be liable to them in damages for any injury sustained by them which might be proximately caused by the employer's negligence. At that time the law imposed no liability upon the employer to respond in damages to any employee engaged in farm or agricultural work for any injury sustained by such employee to which the employer's negligence did not materially contribute, nor did the law require the employer to insure against such injury.

Under these conditions appellant Wood applied to appellee for the policy in suit, and it was issued under the title, "Standard Workmen's Compensation and Employers' Liability Policy," for which he paid appellee $52; and it was in force for one year from the date of the policy.

Without the second indorsement it is quite evident that there is no cause of action stated against appellee; and, unless the first paragraph of the second indorsement creates a liability against appellee in favor of decedent, his administratrix and dependents, there is no liability under the facts pleaded. This paragraph states that appellee obliges itself to pay (1) such sums as might be due to such employee for any injury arising out of and in the course of his employment; (2) such sums as would be payable if such employee were definitely covered under the provisions of the Indiana Workmen's Compensation Law. We think clause 1 contemplates that something must be due such employee on account of such injury, independent of the Workmen's Compensation Law. Appellee goes further and insists that it must be due from the employer on account of his negligence, and in this position we concur, in view of the second paragraph of the second indorsement; but, whether or not appellee's

contention be tenable, we are convinced that the liability must be due decedent from some one, independent of the contract. Admittedly the facts pleaded show neither statutory nor common-law liability of appellant Wood, so far as the tort is concerned; and for aught the complaint discloses the homicide may have been justifiable, and in that event the slayer would be immune from pecuniary liability.

We regard clause 2 of our analysis as a measure of the damages which appellee agrees to pay in case there is anything due decedent on account of the injury. This clause in no way abrogates claimant's statutory or common-law right, if any, to sue for the damages occasioned by the tort. It merely provides that if he accepts the sums specified therein he shall execute a release from all further liability for damages. If he does not accept, but elects to refuse the compensation provided for in clause 2; the last paragraph of the second indorsement provides that appellee will defend, *in the name and on behalf of the employer*, any claim brought against the *employer*. This language is that of decedent as well as of appellee, and it is quite persuasive in arriving at the parties' intentions. We are convinced that the parties to the contract never intended that appellee should become liable to decedent, his administratrix, or his dependents, for damages as a result of a tort for which the employer was in no way responsible, nor does the language used express such intention. The construction we have adopted gives effect to every part of the contract, and is entirely consistent with the situation of the parties to the contract at the time it was executed. To hold otherwise would render the second paragraph of the second indorsement absurd.

To have insured decedent against the injury received would have been a gratuity on employer's part, for the statute did not require it. If he desired to do so, it would have been much more easily and clearly provided for by filing with the Industrial Board the voluntary joint election to be so bound, signed by decedent and employer as provided by the statute.

The fact that employer included decedent's name in the pay roll estimate does not prove that employer intended to insure him against all hazards. As stated in the briefs and argument, decedent was likely to be engaged in agriculture or other work. If in agriculture, he would not be protected by the Indiana Workmen's Compensation Law, but

by employers' common-law and other statutory liability; if in other work, he would be protected by Indiana Workmen's Compensation Law. The policy covered both, and it was therefore quite necessary that decedent's name be included in the pay roll estimate.

We think the complaint does not state facts sufficient to constitute a cause of action in favor of appellants, or any of them.

Judgment affirmed.

EVANS, Circuit Judge (dissenting).

My divergence from the views of the majority begins with their construction of the second rider attached to the policy sued on, which is set forth in full in the majority opinion. Several reasons seem to justify the conclusion which the majority opinion rejects: (a) The attachment of this rider to the policy must have been for the purpose of giving a liability other than that fixed in the policy. (b) The language of the rider imposes a liability upon the insurer larger than that stated in the original policy. (c) The inclusion of the employee's (Taylor's) wages as the basis for determining the premium lends support to the conclusion that workmen's compensation liability, regardless of the applicability of the Indiana Workmen's Compensation Law, was intended.

That this rider was attached for the purpose of modifying the contract, either by increasing or decreasing the liability or the amount of liability, must, I think, be admitted. Otherwise there would have been no reason for its attachment.

In what respect, then, was the liability of the insurer changed by the attachment of the rider? The policy before the attachment of the rider covered a liability growing out of (a) negligence or (b) arising from the application of the Indiana Workmen's Compensation Law. It did not cover injuries arising out of an accident where the character of the employment (farming) made the Indiana Workmen's Compensation Law nonapplicable and no negligence on the part of the employer existed. But an employer might well have sought to protect his employees even though they did not, because engaging in farming, come within the protection of the Indiana Workmen's Compensation Law.

The rider deals with *liability* and with that liability only which arises out of accidents to which the Indiana Workmen's Compensation Law did not, because of the character of the work, apply. The first words of the rider contain a simple unqualified promise by the insurer "to pay to *any employee* whose wages are included in the payroll estimate * * * such sums as might be due to such employee for an injury arising out of his employment as would be payable if such employee were definitely covered under the provisions of the Workmen's Compensation Law."

If this promise did not include employees not covered by the Compensation Law, why attach the rider? The policy before the rider was attached covered liability to employees who were within the protection of the Compensation Law. Then to what employees did the rider refer when it spoke of the "sums * * * as would be payable if such employee were definitely covered under * * * the Workmen's Compensation Law?"

What language could have more definitely included employees like Taylor who at times were engaged at labor that brought them within the protection of the Indiana law and who at times were outside of the provisions of that law?

In the second paragraph note this language: "It is agreed that the payment of compensation as herein provided to employees who are not covered by the said Workmen's Compensation Law shall be," etc. Can there still be doubt as to the inclusion of workmen's compensation liability to employees not covered by the Indiana Workmen's Compensation Law in the face of this language?

It would seem unnecessary to invoke a rule of construction which calls for the inclusion of liability where doubtful or ambiguous language is used in contracts of this character. But, if necessary, this rule might well be invoked in this case. Mutual Life Insurance Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Federal Life Ins. Co. v. Kemp (C. C. A.) 257 F. 265; Gits v. N. Y. Life Ins. Co. (C. C. A.) 32 F.(2d) 7; American Surety Co. v. Pauly, 170 U. S. 133, 18 S. Ct. 552, 42 L. Ed. 977.

Finally the query arises, Why include the wages of the employees not covered by the Workmen's Compensation Law as the basis of determining the premium if these employees were not to be given protection by this rider. It may be that such wages would be used as a basis for determining a premium even though no Compensation Law existed; but, in the present case, the employees were at times within the provisions of the Compensation Law and at times they were not. The specific insertion in the rider of the state-

ment that the insurer agreed to pay any employee whose wages were included in the pay roll estimate is at least suggestive of an intention to thus include employees like Taylor.