MANFIELD AND FIRMAN COMPANY *v.* BEN MANFIELD.

[No. 14,604.   Filed October 5, 1932.]

*Chester Y. Kelly* and *Cooper, Royse, Gambill & Crawford,* for appellant.

*Charles Fox* and *Louis D. Leveque,* for appellee.

LOCKYEAR, J.—The appellant is a corporation doing business in the City of Terre Haute, Indiana. One hundred and ninety-seven shares of the capital stock of the corporation was owned by the appellee, Ben Manfield, and 100 shares by one Frank Firman and two shares by one J. B. Schlossberger.

The business of the corporation was managed by Manfield and Firman; Manfield had the title of secretary and treasurer and Firman, that of president. Manfield received $6,800 per year, and Firman $6,500 per year, in full for all their services. Schlossberger received nothing, except $5 for each director's meeting that he attended. Manfield and Firman divided their time on all work of the corporation; Manfield attended to most of the inside work and Firman did the outside work and, if either of them were sick, the other took up the duties of the one who was sick. The corporation dealt in buying and selling scrap iron and second hand machinery, ordinarily known as a junk business.

At the time in question Firman was sick, and, according to the testimony of the appellee, Ben Manfield drove to Peoria, Illinois, in the company's car. One F. Manfield and wife went with him to Peoria. They were on business of the appellant company. On the way to Peoria they stopped at Shelbyville, Illinois, to see how some work of the appellant company had been going on since he had been there three days before. As soon as his inspection was completed, he went on to Peoria on business; the business being the company needed three railroad frogs.

The appellee stayed Saturday night and Sunday in Peoria at the house of one J. Manfield, and on Monday

morning, about 6 o'clock, he left Peoria, and on his way back on the morning of November 12, 1930, he met with an accident while driving the appellant's truck as aforesaid, in which accident he suffered the loss of an eye.

The appellee then filed application for adjustment of his claim for compensation before the Industrial Board of Indiana. On the hearing before the full board, compensation was granted the appellee at the rate of $16.50 per week for a period of 150 weeks, and all reasonable, necessary medical, surgical, and hospital expenses of the appellee for the first thirty days.

The finding was concurred in by three members of the board, and two members dissented and did not concur in the finding and award.

The errors relied upon call into question the sufficiency of the evidence to sustain the award.

The real question that we want to consider is whether the appellant was an employee under the Workmen's Compensation Act.

The testimony of the appellee upon that question is as stated above, that he was the manager and supervisor and received a salary of $6,800 per year as secretary and treasurer. He testified further that he had no superior officer; nobody to supervise his work; he reported to no one; that he supervised all the rest, and was his own boss; went wherever he desired and kept no account of his time; took time off when he wanted to, and made no reports of time put in, and did extra work when it was required. "I did not have to punch a clock," he testified.

One Peter Weaver testified that he was employed by the appellant, and that at the time he was wrecking a gas plant at Shelbyville, Illinois, that it was his duty to supervise the wrecking of the building, and that he received his instructions from Ben Manfield.

One Everett Perkins testified that he was employed by the appellant company and received his instructions from Manfield, and considered him the man in authority.

We have detailed all of the evidence bearing upon that subject.

In the case of *In re Raynes* (1917), 66 Ind. App. 321, 118 N. E. 387, the same question, as to who is considered an employee, is defined, and, from that case ■ and cases from other states, we can safely say that a person may be a stockholder, and even a director, or an officer of a corporation, and at the same time be an employee and entitled to compensation.

In order to entitle such a person to compensation in a general way, he must be an employee, whose remuneration is popularly designated as wages, rather than salary; whose compensation is not munificent; who may reasonably be presumed to be dependent on his wages for the sustenance of himself and family, and whose wife and young children may reasonably be presumed, without proof, to be dependent on him for support; whose labor is manual, or of like degree of industrial or commercial importance as manual labor when viewed from the standpoint of individual accomplishment.

The Workmen's Compensation Act is an act concerning *workmen's* compensation. See Acts 1929, page 536.

The distinction between employer and employee is clearly defined in the case of *Browne* v. *S. W. Browne et al.* (1917), 221 N. Y. 28, 116 N. E. 364, 365. The court said: "Conceding that a corporation may employ its officers as workmen to handle lumber, operate lathes, and set brakes, or to act as superintendent and foreman, it must always be conceded that the higher officials or officers of corporations are not, as such, its employees in the ordinary use of the word, nor are they expected to perform manual labor."

In the case of *Palmer* v. *VanSantvoord* (1897), 153

N. Y. 612, 47 N. E. 915, the court said: "The intention of the law giver is to be sought first in the words of a statute, and, if they are obscure, in the occasion of the enactment and in the policy which dictated it, when that can be legitimately ascertained."

"In common speech the term 'employee' is usually not applied to higher officers of a corporation. In one sense the officers are employees, but in common speech they are not referred to as servants or employees." *Matter v. Stryker* (1899), 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489. See 20 C. J. *Leigh Atchison, Inc.,* v. *Industrial Comm.* (1925), 188 Wis. 218, 205 N. W. 806, 807, 44 A. L. R. 1213; *Farmer* v. *St. Croix Power Co.* (1903), 117 Wis. 76, 93 N. W. 830, 98 Am. St. Rep. 914; *England, Exrs.,* v. *Beatty Organ Co.* (1886), 41 N. J. Eq. 470, 4 Atl. 307.

By the provisions of the Workmen's Compensation Act, the award is on the basis of certain percentage of what is designated as average weekly wages rather than the salary of the workman involved, and we are unable to see how in this case, where the appellee received a salary of $6,800 per year as secretary and treasurer of the corporation, the board was able to arrive at any amount of weekly wage.

In a technical sense, all persons who are officers and directors of a corporation are employees, for the reason that a corporation can only function through agents and employees, but, when we consider the Workmen's Compensation Act, a substantial distinction is recognized.

Those, who own the majority stock, dictate the policy of the corporation, and manage its prudential affairs, are considered in the same category as partners in the management of a business.

Manfield and Firman in real essence owned this business and managed it in form as a corporation, but in substance it was their business.

There is no dispute about the facts, and therefore the question is one of law.

The claimant in this case was not an employee or a workman entitled to compensation under the law.

The award of the Industrial Board is contrary to law and the award is therefore reversed, with instructions to enter an award denying compensation to the appellee.