HOLYCROSS & NYE, INC. *v.* NYE.

[No. 14,925. Filed September 25, 1933.]

*Henry L. Humrichouser*, for appellant.

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl* and *George W. Omacht*, for appellee.

SMITH, J.—This is an appeal from an award made by the full Industrial Board of Indiana in which the board ordered that the appellant pay to appellee his necessary medical, hospital, and nurse service for the first thirty days following an injury, received in an accident arising out of and in the course of his employment, on the 5th day of February, 1932.

The error assigned and relied upon for reversal is that the award of the full Industrial Board is contrary to law.

The case was submitted to the Industrial Board upon an agreed statement of facts, and no further evidence was introduced.

A summary of the facts as agreed upon is: That appellee is 45 years of age, a resident of the city of South Bend, Indiana; that appellant, Holycross & Nye, Inc., is an Indiana corporation with its principal office and place of business in the city of South Bend, Indiana; that it was organized for and engaged in the business of selling and repairing automobiles, and buying and selling used automobiles; that it was capitalized at $40,000, with 400 shares at $100 per share; that appellee owned 199 shares, Albert W. Holycross, 199 shares, and one Nila Brown, 2 shares; that since June, 1930, when the corporation started business, no dividends have ever been paid because the earnings have never been sufficient; that appellee was vice-president, and general manager of the corporation; that Albert W. Holy-

cross was president and sales manager of the corporation, and Nila Brown, secretary-treasurer; that the corporation employed an average of 40 persons in conducting its business; that, as general manager, the duties of appellee were to supervise the work of the repair shop, to attend to the financial affairs of the business, to supervise the selling of used cars, and to sell new and used cars; that his duties as vice-president of the corporation were nominal, and he devoted practically no time to the discharge of said duties; that appellee devoted not to exceed 25 per cent of his time in supervising the repair shop, and attending to the financial matters, including collections, and supervising sales of used cars; that at least 75 per cent of his time has been devoted to the sale of new and used cars, and that during the past year he had personally sold approximately 55 automobiles; that for the last year appellee had been paid a wage of $100 per week, and that no part of said wage was for his services as vice-president, but that all of said wage was for his service rendered as general manager and salesman of the corporation, and that he has depended upon said wage for the maintenance of himself and family.

The agreed statement of facts further shows that on the 5th day of February, 1932, appellee, together with one Albert W. Holycross, the president and sales manager of the corporation, was driving an automobile to Elkhart, Indiana, to see another automobile dealer for the purpose of getting additional names of prospects; and, while they were en route to Elkhart, their automobile collided with a tractor and trailer resulting in injuries to appellee from which he was confined in the hospital for one week, was disabled for a period of ten days, and partially disabled for a longer period; that during the period of disability appellee was paid his regular wages by appellant, but that he has not been

reimbursed for medical, hospital, or nurse expense, or any part thereof.

The sole and only question presented for consideration is, Was the appellee, at the time he received his injuries, an employee as contemplated by the Workmen's Compensation Act of this state?

A corporation is a separate entity, and, of course, may be an employer under the Workmen's Compensation Act. At the beginning, let it be understood ■ that we adhere to the principle as laid down in this state, and many other jurisdictions, that one may be an officer, director and stockholder, or any of them, of a corporation, and still be an employee, and entitled to compensation under the Workmen's Compensation Act of this state. This rule has been announced by this court, and we now re-affirm it.

The difficulty in laying down a hard and fast rule defining just when an officer, director and stockholder, or any of them, may be an employee within the Workmen's Compensation Act, lies in the fact that each individual case must depend largely upon its own particular facts and circumstances.

In this case, appellee and one Albert W. Holycross owned all the corporate stock in this corporation, except two shares, and, while the record does not disclose the fact, it may be that these two shares were issued for the purpose of forming the corporation. Substantially all of the profits, if any, of the corporation go to appellee and said Holycross. It is significant that both appellee and his associate, Holycross, were injured in this same accident, and both filed claims with the Industrial Board in which the same order was entered in both claims, and an appeal taken therefrom. It is further significant that appellee did not ask for compensation for loss of services, but only that his medical, hospital, and nurse bills be paid. It is not disclosed by the record whether

appellant corporation, which was managed and controlled and practically owned by appellee and his associate, Holycross, carried any compensation insurance. If it did not, then the query might naturally arise as to why this claim was filed, for it would be a useless procedure to file a claim before the Industrial Board in order to reimburse himself for medical services, the ultimate result of which would be that it would in reality have to be paid by appellee and his associate.

There are two cases decided by this court upon which both appellant and appellee lay much stress. *In re Raynes* (1917), 66 Ind. App. 321, 118 N. E. 387, this court, having before it a similar question, gave the same consideration at great length, and held in that case that the claimant Raynes was entitled to compensation. There was, however, a different state of facts as to the actual status of the claimant. Raynes was one of the stockholders and on the board of directors of a $15,000 merchandising corporation, and was also its secretary and treasurer. He was, furthermore, the buyer for this company, salesman in the store, and collector of its accounts, for all of which he was paid $50.00 a week. He was injured in an accident arising out of and in the course of his employment. The court, speaking in the Raynes case upon the subject of who are employees under the Workmen's Compensation Act, said:

"In a general way, it is an employee whose remuneration is popularly designated as wages rather than salary; whose compensation for service is not munificent; who may reasonably be presumed to be dependent on his wages for the sustenance of himself and family and whose wife and young children may reasonably be presumed without proof to be dependent on him for support; whose labor is manual, or of a like degree of industrial or commercial importance as manual labor when viewed from the standpoint of individual accomplishment."

After stating the language above quoted, the court said that neither of these tests is decisive; that it was merely formulating a concept in a general way of the sort of person that may be deemed to be an employee within the meaning of the act; then, measuring the Raynes case by the above general observation, held that it came within the act, and that Raynes was an employee, and that the mere fact that he was an officer of the corporation did not exclude him.

The facts in the instant case are undisputed, and, hence, the question of whether appellee is an employee within the meaning of the Workmen's Compensation Act is a question of law. It has been many times said that the act was adopted primarily for the purpose of aiding injured employees, and placing the burden and care partially, at least, upon industry instead of society. We think it was never contemplated that this act should be construed so as to include high-salaried officers of a corporation, or those whose compensation for services is munificent, or whose labor is not manual, or of a like degree of commercial importance as manual labor when viewed from the point of individual accomplishment. In this case, the appellee and his associate, Holycross, in effect owned the corporation; they directed its policies managed its affairs, employed the help, did all the things necessary to the operation and management of the corporation. It is true that the agreed statement of facts shows that 75 per cent of the time of appellee was devoted to the sale of new and used automobiles, and 25 per cent to supervising the repair shop, attending to the financial matters of the business, including collections and supervising sales of used cars. He was paid $100 a week compensation which is designated as wages in the agreed statement of facts.

The Workmen's Compensation Act provides that an

employee, if injured in an accident arising out of and in the course of his employment, should be paid 55 per cent of his weekly wage; and that, as a basis for this compensation, the wage is not to exceed $30.00 per week.

We have studied the many cases cited by appellant and appellee from other jurisdictions, bearing upon the questions presented, as well as numerous other cases not cited by either party. Analyses of these cases show that in a great many instances where compensation has been allowed to an officer and director of a corporation, his wage or salary was at least partially included in the computation by the insurance carrier in arriving at the premium to be paid for such insurance. This record does not disclose that appellant carried any compensation insurance; hence, there is nothing to show that appellee would come within that rule. We follow our own court upon this question, which was determined in the case of *Manfield & Firman Co.* v. *Manfield* (1932), 95 Ind. App. 70, 182 N. E. 539. In that case Manfield and one Firman owned all the stock of the corporation except two shares; Manfield owned 197 shares, Firman 100 shares, and drew a salary of $6,800 and $6,500 per year, respectively. We quote with approval the language contained in that case, which we think is not dictum as appellee's counsel characterize it, but necessary to a decision of the case, as follows:

"In a technical sense, all persons who are officers and directors of a corporation are employees, for the reason that a corporation can only function through agents and employees, but when we consider the Workmen's Compensation Act, a substantial distinction is recognized.

"Those who own the majority stock, dictate the policy of the corporation, and manage its prudential affairs, are considered in the same category as partners in the management of a business.

"Manfield and Firman in real essence owned this business and managed it in form as a corporation, but in substance it was their business."

Manfield owned a majority of the stock of the corporation, but the case was not decided upon that fact alone, nor was that the turning point therein.

In the instant case, appellee and one Holycross owned this business and managed it, and it was their business. We think that the Workmen's Compensation Act does not contemplate that appellee should come within its provisions as an employee.

We think the reasoning in the Manfield case is correct, and supports the conclusion we have reached herein. The appellee in this case was not an employee entitled to compensation under the Workmen's Compensation Act of this state.

The award of the Industrial Board is contrary to law, and is therefore reversed with instructions to enter an award for appellant.