AMERICAN MUTUAL LIABILITY INSURANCE COMPANY
OF BOSTON *v.* DUESENBERG.

[No. 27,014. Filed May 17, 1938. Rehearing denied
September 27, 1938.]

*James L. Murray,* for appellant.

*Charles M. Wells,* and *Harvey Hartsock,* for appellee.

SHAKE, J.—This is an appeal from a judgment against the appellant, rendered when it refused to plead further upon the overruling of its demurrer to the appellee's amended complaint. The demurrer was upon two

grounds, namely, that the court had no jurisdiction of the subject matter of the action, and that the amended complaint did not state facts sufficient to constitute a cause of action. The first assignment has been waived by the appellant's brief, so that the sufficiency of the amended complaint is the only matter for our consideration.

The essential facts disclosed by the amended complaint are these: Fred S. Duesenberg was on July 2, 1932, and for many years prior thereto had been, vice-president of Duesenberg, Inc., a corporation, and had devoted his entire time to its engineering and experimental work, for which he received a salary of $15,000 per year. He met his death in an automobile accident in the State of Pennsylvania on the above date while in the discharge of duties directed by the corporation. The appellee, as his widow, instituted a proceeding for benefits under the Indiana Workmen's Compensation Act. That proceeding was ultimately appealed to the Appellate Court of Indiana, which held that the decedent was not at the time of receiving the injuries which resulted in his death, an employee of Duesenberg, Inc., *within the meaning of the compensation act*. Compensation was accordingly denied. That case is reported as *Duesenberg* v. *Duesenberg, Inc.* (1934), 98 Ind. App. 640, 187 N. E. 750, 190 N. E. 894.

After the final determination of the above mentioned case by the Appellate Court, the appellee instituted the present action. The amended complaint charges that on August 2, 1931, the appellant herein issued to Duesenberg, Inc., a standard Workmen's Compensation and Employer's Liability Policy, which was in effect at the time of the death of Fred S. Duesenberg; that the premiums for said policy were based on the remuneration paid by said corporation to its employees, including the salary of Fred S. Duesenberg as vice-president, and its

other executive officers. Among the many provisions of the policy was Paragraph V, as follows: "This agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted, *and, also,* to such injuries so sustained by the president, any vice-president, secretary or treasurer of this employer, if a corporation. The remuneration of any such designated officer shall not be subjected to a premium charge unless he is actually performing such duties as are ordinarily undertaken by a superintendent, foreman, or workman." (Our italics.) The appellee charged that she had expended a substantial sum for medical, hospital, and burial expenses on account of the injuries to and death of her husband, and she asked for a judgment based upon the schedule of benefits prescribed in the compensation act.

The action is not, as appellant asserts, a collateral attack on the policy, but rather a direct action thereon, although appellee's decedent was not specifically named in or made a formal party to the policy contract. If, as appellee asserts and as we shall presently determine, the terms of the policy covered the decedent at the time and under the circumstances surrounding his injuries and resulting death, appellee had a right to institute and maintain this action in her own right, as his dependent.

The contract sued on discloses on its face that it was primarily a workmen's compensation policy, purchased by Duesenberg, Inc., and issued by the appellant in compliance with the statute requiring employers to carry insurance. §40-1601 et seq., Burns' Ann. St. 1933. (§16444 et seq. Baldwin's 1934). But we do not know of any rule, statutory or otherwise, which restricts policies of this character merely to the

payment of compensation benefits, or prohibits insurance companies from issuing compensation policies which assume liabilities beyond and in excess of the risks imposed by statute. If the policy here in question is to be construed strictly as compensation coverage, the basis for such construction must be found in the terms and provisions of the contract and not from any extraneous consideration. We have already quoted Paragraph V of the policy, upon which appellee bases her right of recovery, and it becomes at once important to determine whether Paragraph V is limited or restricted by any other provision in the contract. Appellant earnestly contends that such a restriction is to be found in Clause G of the policy which reads: "No action shall lie against the Company to recover upon any claim or for any loss under paragraph 1 (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years thereafter." It will be noted that by its terms Clause G applies only to Paragraph I (b) and that it has no application to Paragraph V. Paragraph I (b) is as follows: "To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada . . ." The appellee's rights and the appellant's liability must therefore be determined solely from Paragraph V of the policy contract.

*Duesenberg* v. *Duesenberg, Inc., supra,* determined that the decedent was not an employee of Duesenberg,

Inc., within the meaning of the Indiana Workmen's Compensation Act. As to that issue the decision of the Appellate Court is final and conclusive. That case did not, however, adjudicate the issue as to the liability of this appellant, voluntarily assumed by its insurance contract, if the appellee can bring her case within the terms thereof. Partners may not, for example, be at the same time principal and agent, master and servant, or employer and employee, within the meaning of the compensation act; but it has been held that the dependents of a partner are protected under a compensation policy to which a rider has been attached, extending its provisions to the individual partners. Such a rider does not make employees of the partners, but it creates an additional contract liability in which the measure of recovery is determined by the formula to be found in the compensation schedules. *Bituminous Casualty Corp.* v. *Powell* (1935), 101 Ind. App. 90, 194 N. E. 495. In the Powell case the partners were designated in the insuring rider by name and paid the premiums for the insurance. In the case at bar, Paragraph V of the policy undertakes to cover "any vice-president;" the demurrer admits the allegation in the complaint that the decedent was vice-president of the corporation. With respect to designating the persons covered thereby, the policy herein sued on is none the less definite than that in the Powell case. Nor do we attach any significance to the fact that the premiums were, in this case, paid by the corporation. The appellant can have no concern about the source of the funds from which the premium charges were met.

Our attention is called to the initial insuring clause of the policy which says, in effect, that the risk assumed is in respect to "personal injuries sustained by employees." It is urged that the use of this language denominates the contract a workmen's

compensation policy and that to place upon it the meaning sought by the appellee would do violence to the rule that courts may not by construction extend or enlarge the terms of an insurance contract so as to embrace an object or liability distinct from those assumed in the express provisions. *Interstate Business Men's Acc. Assn.* v. *Lester* (1919), 257 Fed. 225, 168 C. C. A. 309; *Thacher* v. *Aetna Accident & Liability Co.* (1923), 287 Fed. 484. But it is apparent from the face of the policy before us that it is not limited to the compensation risk. Its scope, as disclosed by its very title, is that of a "Standard Workmen's Compensation and Employer's Liability Policy." To determine the character and extent of the risk covered we are required to give consideration to all the provisions of the policy and from them determine, if we can, the meaning thereof. The contract must be considered as a whole, and not in disconnected and disassociated parts. To interpret the policy as one limited to the compensation risk would require us to place a narrower meaning upon the word "employees," as used in the general insurance clause, than was apparently intended, and would call upon us to restrict Paragraph V to a significance that could not be harmonized with the language employed therein. On the other hand, if we accept Paragraph V as assuming an additional risk and, at the same time, construe the word "employees," as used in the general insuring clause, according to its broad and general meaning, rather than as that term is defined in the compensation statutes, we give practical effect to every provision of the policy and destroy none.

The conclusions which we have reached are amply supported by the decisions of other jurisdictions. See *Robertson* v. *Board of County Commissioners* (1927), 122 Kans. 486, 252 Pac. 196; *Iott* v. *Continental Casualty Co.* (1930), 129 Kans. 650, 284 Pac. 823; *Samson*

*v. U. S. Fidelity & Guaranty Co.* (1930), 131 Kans. 59, 289 Pac. 427; *Morris* v. *Central West Casualty Co.* (1932), 351 Ill. 40, 183 N. E. 595; *Utica Mutual Insurance Co.* v. *Glennie* (1928), 230 N. Y. S. 673, 132 Misc. Rep. 899. The case last cited was one where the president of a corporation asserted a claim for personal injuries against an insurance company under a policy which contained a clause precisely identical with Paragraph V quoted above. The plaintiff had previously been denied compensation by the Industrial Commission of New York because he was not an employee of the corporation within the meaning of the law. In considering the obligations imposed by the policy, the Supreme Court of New York said (p. 675) : "The court is of the opinion that this whole matter revolves around and is dependent upon a construction of the policy of insurance . . . This court cannot bring itself to a construction of this section which would to its mind distort the plain, common, ordinary, every-day meaning of the English language as contained in said section . . . If the words 'and also' do not mean to add to and extend the scope of this contract of insurance, this court knows of no words that could have been chosen which would have more forcibly extended the scope, so as to include the chief executive officer of the corporation."

The court below did not err in overruling the appellant's demurrer to the amended complaint.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

SHAKE, J.—Our interpretation and application of *Utica Mutual Insurance Co.* v. *Glennie* (1928), 132 Misc. Rep. 899, 230 N. Y. S. 673, cited and quoted from in the main opinion, has been challenged by a petition for rehearing. Appellant says that Glennie, the president of the corporation, at no time at-

tempted to assert a claim against the insurance carrier but that the action was brought by the insurance company against Glennie, his company, and the driver of the car in which he was riding, for a declaratory judgment to determine whether under paragraph V of the policy the insurance company was bound to defend a prior action brought by Glennie against his company for damages. Appellant's statement of the factual background of the Glennie case is correct, but in the consideration of precedents courts do not look so much for identity of facts as for statements of applicable principles. That the Glennie case was prosecuted to determine if the insurance company was liable for the expenses of a former suit does not mitigate against the conclusion of the court that the words "and also," followed by Paragraph V of the policy (identical with the contract before us), added to and extended the scope of the contract of insurance so as to include an executive officer of the corporation. Nor is the purview of the case weakened by the fact that the insurance company may have been liable under another express provision of the policy. We are concerned primarily with the interpretation to be placed on Paragraph V and the liabilities created thereby. We quoted from the Glennie case because the principles therein stated are logical and helpful in determining the rule to be applied.

Appellant suggests that we consider two additional cases not mentioned in the original briefs. In *Fidelity and Casualty Co. of New York* v. *Gray* (1937), 181 Okla. 12, 72 P. (2d) 341, an employee sought to recover under his employer's workmen's compensation policy for disability due to an occupational disease. The injury was not accidental and the policy contained no promise to pay for non-accidental injuries under any circumstances. Recovery was accordingly denied. Much is said in the opinion relative to rules of construction applic-

able to insurance policies, but we do not consider these important in the consideration of the case before us for reasons that will be hereafter noted. *Wood* v. *Employers' Liability Assurance Corp.* (1930), 41 F. (2d) 573, 575, 73 A. L. R. 79, was a case where an employee engaged in agriculture, and by reason thereof not within the protection of the compensation act, sought to recover from his employer and the latter's insurance carrier under a clause of the policy denominated a "voluntary compensation endorsement form," reading as follows:

"In consideration of the premium at which this policy is written, the corporation hereby obliges itself to pay to any employee whose wages are included in the payroll estimate named in this policy, such sums as might be due to such employee for any injury arising out of and in the course of his employment as would be payable if such employee were definitely covered under the provisions of the Indiana Workmen's Compensation Law.

"It is agreed that payment of Compensation as herein provided to employees who are not covered by the said Workmen's Compensation Law shall be in exchange for a release from all further liability for damages; and it is further agreed if any employee elects to refuse the compensation herein provided, the corporation will defend in the name and on behalf of the employer, any claim brought against the employer in accordance with the provisions of paragraph One (b) of the policy. Irrespective of any provisions in this endorsement and in any and every event, the obligations of paragraph One (b) of the policy are limited to the sum of $5,000 for each person injured or killed. Policy is subject otherwise to all its agreements, conditions and declarations."

After observing that "the wording of the . . . indorsement, and the absence of punctuation, renders it very

difficult to determine precisely where the minds of the parties met," a divided court in the Wood case applied rules of construction and reached the conclusion that the policy was primarily one for the payment of compensation, and that the rider quoted above merely extended the liability by undertaking to indemnify the insured against such damages as might be recovered by employees who were not within the purview of the compensation act.

We cannot follow the Wood case because we are not dealing with a policy that is indefinite, obscure or uncertain. It would do violence to the law of contracts if we should resort to formulas of construction to vary the meaning of the clear and unambiguous language of the policy under consideration.

Our conclusion is fortified by recent decisions of other jurisdictions. See *Thompson* v. *Parke* (1938), 131 Pa. Sup. Ct. 81, 198 Atl. 819, and *McCaleb* v. *Continental Casualty Co.* (1938), (Tex.) 116 S. W. (2d) 679.

Petition for rehearing is denied.