LADOGA CANNING COMPANY *v.* EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN.

[No. 16,809. Filed April 13, 1942. Rehearing denied May 8, 1942. Transfer denied May 25, 1942.]

*H. K. Bachelder* and *W. C. Bachelder*, both of Indianapolis, for appellant.

*James A. Ross, James V. Donadio,* and *R. Stanley Lawton,* all of Indianapolis (*Matson, Ross, McCord & Ice,* of Indianapolis, of counsel), for appellee.

FLANAGAN, J.—In the trial court appellee's demurrer to appellant's complaint was sustained. Appellant refused to plead over and the court rendered judgment for appellee for costs. This appeal followed.

The complaint alleges in substance that:

Appellant is an Indiana corporation engaged in the canning business in several states. It entered into a contract of workmen's compensation and employer's liability insurance with appellee for the period from August 8, 1936, to August 8, 1937, which covered employees of the appellant in its operations in Indiana, Illinois, and Kentucky. Appellant had, during the period covered by the policy, employed in an Illinois factory a minor who was too young to be legally employed under the laws of Illinois. Said employee was injured while working for appellant and brought a common-law suit against appellant in which she recovered a judgment. Appellee denied liability under its policy on the ground that the injured employee was unlawfully employed. The complaint sought to recover the amount of the judgment rendered against it and the amount of its expenses incurred in defense of the suit.

Appellee's demurrer was sustained on the theory that the complaint showed on its face that the injured employee was unlawfully employed and was therefore not covered by the policy.

The question presented requires a construction of the involved policy, the pertinent provisions of which are as follows:

> "EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY of Wisconsin (Herein called the company)
>
> DOES HEREBY AGREE WITH THIS EMPLOYER, NAMED AND DESCRIBED AS SUCH IN THE DECLARATIONS FORMING A PART HEREOF, AS RESPECTS PERSONAL INJURIES SUSTAINED BY EMPLOYEES, INCLUDING DEATH AT ANY TIME RESULTING THEREFROM AS FOLLOWS:
>
> One (a) To Pay promptly to any person entitled thereto, under the workmen's compensation law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due.
>
> . . .
>
> One (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. . . .
>
> . . .
>
> Five. This agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted, and, also to such injuries so sustained by the president, or any vice-president, secretary or treasurer of this employer, if a corporation. The remuneration of any such designated officer shall not be subjected to a premium

charge unless he is actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman."

It will be noted that paragraph One (a) which refers to workmen's compensation, does not attempt to exclude employees illegally employed but that paragraph One (b), which refers to liability for damages imposed by law, does attempt to exclude employees illegally employed.

Appellant contends that paragraph Five enlarges the coverage of paragraph One (b) so as to include employees illegally employed if their entire remuneration is included in the total remuneration on which premium is computed.

Appellee contends that paragraph Five merely enlarges the coverage to include corporation officers as well as those who are employees in the more technical sense as used in workmen's compensation laws.

The identical provisions of paragraph Five of this policy were before our Supreme Court in the case of *American Mutual Liability Ins. Co.* v. *Duesenberg* (1938), 214 Ind. 488, 494, 14 N. E. (2d) 919, 16 N. E. (2d) 698. The question there presented was whether the provisions of this paragraph extended the coverage to officers of the corporations who were not employees within the meaning of our Workmen's Compensation Act. The court held that the coverage was so extended and in the course of its discussion used the following language:

"To determine the character and extent of the risk covered we are required to give consideration to all the provisions of the policy and from them determine, if we can, the meaning thereof. The contract must be considered as a whole, and not in disconnected and disassociated parts. To inter-

pret the policy as one limited to the compensation risk would require us to place a narrower meaning upon the word 'employees,' as used in the general insurance clause, than was apparently intended, and would call upon us to restrict Paragraph V to a significance that could not be harmonized with the language employed therein. On the other hand, if we accept Paragraph V as assuming an additional risk and, at the same time, construe the word 'employees,' as used in the general insuring clause, according to its broad and general meaning, rather than as that term is defined in the compensation statutes, we give practical effect to every provision of the policy and destroy none."

The sound reasoning used in the above case is, we think, properly applicable to the question before us. To give the construction contended for by appellant would require striking entirely the word "legally" from paragraph One (b). On the other hand, when the contract is considered as a whole, with practical effect given to every provision, the meaning seems to be clearly that contended for by appellee.

We think the only fair and reasonable construction of this contract, when considered as a whole, is that the employer is not indemnified against loss by reason of liability imposed upon him by law for damages on account of injuries to employees who are illegally employed.

The trial court did not err in sustaining the demurrer to appellant's complaint.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 995.