[No. 1795, November 16, 1915.]
SCHWENTKER v. HUBBS et al.

SYLLABUS BY THE COURT.

1. Parol evidence is admissible, in the construction of contracts, to define the nature and qualities of the subject-matter, the situation and relations of the parties, and all the circumstances, in order that the courts may put themselves in the place of the parties, see how the terms of the instrument affect the subject-matter, and ascertain the signification which ought to be given to any phrase or term in the contract which is ambiguous or susceptible of more than one interpretation, and this, although the result of the evidence may be to contradict the usual meaning of terms and phrases used in the contract; but, if the words are clear and

unambiguous, a contrary intention may not be derived from the circumstances. Held, that the contract in this case was ambiguous, and that the trial court properly heard evidence, and that the evidence fully warranted the interpretation placed upon the contract by the trial court.          P. 189

2. Where a party desire more explicit findings by the trial court, he should direct the attention of the court to the particular questions upon which such findings are desired, or tender proper findings upon such matters.

P. 190

Appeal from Distirct Court, Bernalillo County; H. F. Raynolds, Judge.

Action by J. O. Schwentker against J. A. Hubbs and another. From judgment for defendants, plaintiff appeals. Affirmed.

MARRON & WOOD of Albuquerque, for appellant.

It is the duty of the court to state its findings of fact. Sec. 4197, Code 1915; Luna v. R. R. Co., 16 N. M. 71.

PIERCE & PIERCE of Albuquerque, for appellees.

For law of construction of contracts see:
Gamble v. Cuneo, 47 N. Y. Supp. 548.

In absence of specific request for certain finding no objection can be taken to court's finding in appellate court.
Miller v. Stein, 84 Cal. 127; Prince v. Lynch, 38 Cal. 536; Hidden v. Jordon, 28 Cal. 305; Kahn v. Smelting Co., 2 Utah, 382; Searcy County v. Thompson, 66 Fed. 96; Kellogg v. Bessantz, 51 Kan. 418; Monroe County v. French Town, 98 Mich. 436.

## OPINION OF THE COURT.

ROBERTS, C. J.—[1] This action was instituted in the court below by appellant to recover from appellees an amount claimed to be due on a promissory note. Appellees denied liability, and by a counterclaim sought to re-

cover from appellant certain sums theretofore paid as interest on the note. The rights of the respective parties were dependent upon the construction of a certain clause in a contract between them, and two other parties who joined with appellant therein, which was ambiguous and of uncertain meaning. The trial court heard the evidence offered, which fully disclosed the situation of the parties and the objects they were seeking to accomplish, and, in view of the evidence, so construed the provision in question as to relieve appellee from liability, and warranted a recovery of the interest theretofore paid by him on the note. This construction was, we believe, amply warranted by the evidence. That "parol evidence is admissible, in the construction of contracts, to define the nature and qualities of the subject-matter, the situation and relations of the parties, and all the circumstances, in order that the courts may put themselves in the place of the parties, see how the terms of the instrument affect the subject-matter, and ascertain the signification which ought to be given to any phrase or term in the contract which is ambiguous or susceptible of more than one interpretation, and this, although the result of the evidence may be to contradict the usual meaning of terms and phrases used in the contract, but, if the words are clear and unambiguous, a contrary intention may not be derived from the circumstances," is stated by Elliott on Contracts, § 1655, citing Browne, Parol Evidence, 179. The evidence in this case fully warranted the interpretation placed upon the contract by the court.

[2] The only other alleged error is that the court failed to make proper findings of fact. The appellant requested the court to make specific findings. The court made findings of fact, to which appellant generally excepted, but in his exceptions he did not point out any claimed errors in the findings, or call to the attention of the court the fact that the findings were not sufficiently specific. The findings made were sufficient to support the judgment, and, if appellant desired further or additional findings, he should have tendered such findings as

he desired, or should have specifically directed the attention of the court to the particular matters in issue upon which he desired more explicit findings.

The findings were supported by the evidence, and, as no error appears in the record, the judgment must be affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.

---

[No. 1802, November 16, 1915.]
[Rehearing Denied January 11, 1916.]
### STATE v. ASCARATE.

### SYLLABUS BY THE COURT.

1. Exceptions to instructions must definitely point out the alleged error of which the party complains, so that the trial court may be afforded the proper opportunity for correction.

P. 199

2. (a) Whether the contents of a confession are admissible or not depends upon whether it was voluntarily made. That question must be determined upon all the facts and circumstances of each case.

(b) Under the circumstances of this case there was no violation of the constitutional guaranty against compulsory self-incrimination.

P. 199

P. 205

4. Non-jurisdictional questions raised here for the first time will not be considered.

P. 206

Appeal from District Court, Lincoln County; Medler, Judge.