Argued September 28, reversed and remanded October 24, 1916.

Argued on rehearing March 13, former opinion sustained March 20, 1917.

Second petition for rehearing denied April 10, 1917.

# GREENBERG *v.* GERMAN AMERICAN INS. CO.*

### (160 Pac. 536; 163 Pac. 820.)

**Pleading—Amendment of Complaint.**

1. Where the original complaint was supplanted by an amended complaint on which the action was tried, the original complaint cannot be considered in aid of plaintiff's case.

**Appeal and Error—Adequacy of Complaint—Questioning in Supreme Court.**

2. The adequacy of plaintiff's statement of his cause of action in his complaint may be questioned for the first time in the Supreme Court.

**Pleading—Denial of Answer—Effect.**

3. An averment of defendant's answer, denied by plaintiff's reply, is of no effect by way of aider to the defects of the complaint.

**Pleading—Conclusions—Contract to Insure—Breach.**

4. In an action for damages resulting from breach of an alleged executory contract to insure property, plaintiff's amended complaint, averring that the policy tendered by defendant "did not conform to the oral contract between the parties, and was not a complete performance of the said oral contract," was insufficient, pleading a mere conclusion of law and stating no fact; plaintiff should have disclosed the terms of the oral contract for insurance, and also, a policy having been issued, should have set forth the terms of the instrument, that the court might have been able to judge whether or not it was a fulfillment of the oral contract.

**Insurance—Contract to Insure—Breach—Pleading.**

5. In an action for breach of an executory oral contract to insure property, the amended complaint, stating that plaintiff accepted the policy issued by defendant through his ignorance of its legal effect, was insufficient to state a cause of action, since ignorance of the law will excuse no one.

### ON REHEARING.

**Insurance—Fire Policy—Acceptance.**

6. Where insured accepted a fire policy which was not in accordance with the oral contract for insurance, he cannot, having retained it without objection, contend that the true contract should be found in the oral agreement, for it was supplanted by the written policy, and

*Authorities discussing the question of validity of oral contract of insurance are collected in a note in 22 **L. R. A.** 768.      REPORTER.

insured had no option to rely either on the policy or the oral agreement as he desired.

[As to delivery and acceptance of policies of insurance, see note, in 138 Am. St. Rep. 29.]

Insurance—Fire Policies—Actions—Defenses.

7. Where the policy issued pursuant to an oral agreement as to insurance did not follow the agreement, and it was alleged that the policy which should have been issued would have been subject to Laws of 1911, page 279, the insured cannot in an action to recover on the oral agreement independent of the policy recover where suit was not brought within the time limited by such law.

From Multnomah: WILLIAM N. GATENS, Judge.

Action by William Greenberg against the German American Insurance Company, a corporation. From a judgment in favor of plaintiff, defendant appeals.

REVERSED AND REMANDED.

ON REHEARING OPINION SUSTAINED.

Department 2. Statement by MR. JUSTICE BURNETT.

This is an action for damages resulting from the breach of an alleged executory oral contract for insurance of property. An original complaint which appears in the abstract of record was superseded by an amended complaint upon which the action was tried. It alleges the plaintiff's ownership of the stock of goods in question, the corporate character of the defendant, states the oral agreement of the defendant to issue a policy insuring the property for $2,000 and containing certain conditions relating to further insurance and hypothecation of the merchandise all to be evidenced by proper notations on the first page of the instrument. It avers that the goods were damaged by fire prior to the delivery of the policy. These allegations then follow:

"That thereafter said defendant, under the pretense of fulfilling said oral contract to insure, delivered to plaintiff its written policy of insurance, but that the said policy so delivered as aforesaid was not delivered

until after said damage by loss of fire, and did not conform to the oral contract between the parties and was not a complete performance of the said oral contract; that because of the fraudulent failure of the defendant to incorporate in or endorse upon or add to said written policy the necessary provisions relating to the matter set forth in the 5th paragraph of this complaint, the said policy so delivered as aforesaid was utterly void and so known to be by the said defendant; * * that plaintiff believed as a matter of law that the policy so issued as aforesaid was a complete and legal performance of the said oral contract by said defendant, for the reason that he believed that under the settled rule of law the defendant would he held to have waived said breaches of the said conditions of said policy, by accepting and retaining said premium with knowledge of the said facts so stated to said agent under the law. And that, therefore, plaintiff believing as a matter of law that said oral contract had been fully complied with, made proofs of loss under the said policy and brought suit thereon to recover his said loss; that thereafter plaintiff discovered that under the construction of Chapter 175, Laws of 1911, by the Supreme Court of this state, and under its construction of the conditions set forth in said statute, and which were incorporated in said policy so delivered as aforesaid, proof of the agent's knowledge of said facts could not be shown and that said policy was therefore void and not a complete performance by defendant of said oral contract; and that thereupon plaintiff voluntarily dismissed the said action; * * The plaintiff hereby elects to proceed not in equity for the specific performance of said oral contract and for damages, but proceeds at law in this action to recover damages sustained by him for breach of the said oral contract to issue a policy of insurance as aforesaid."

The answer denied most of the amended complaint especially the part concerning the conditions to be incorporated into the contract of insurance and set up various affirmative defenses which in turn were traversed by the reply.

From a judgment on a verdict in favor of the plaintiff the defendant appeals.

Reversed and Remanded.

Opinion Sustained on Rehearing.

For appellant there was a brief over the name of *Messrs. Veazie, McCourt & Veazie,* with an oral argument by *Mr. John McCourt.*

For respondent there was a brief over the name of *Messrs. Giltner & Sewall,* with an oral argument by *Mr. R. R. Giltner.*

Mr. Justice Burnett delivered the opinion of the court.

1-4. It is unnecessary to consider any of the affirmative defenses. It is enough to give our attention to the sufficiency of the complaint upon which the action was tried. The original was supplanted by the new pleading of the plaintiff and cannot be considered in aid of his case: *Wells* v. *Applegate,* 12 Or. 208 (6 Pac. 770); *Slemmons* v. *Thompson,* 23 Or. 215, 220 (31 Pac. 514); *Hume* v. *Woodruff,* 26 Or. 373 (38 Pac. 191); *Condon Nat. Bank* v. *Rogers,* 60 Or. 189 (18 Pac. 846, Ann. Cas. 1914A, 101). The adequacy of the plaintiff's statement of his cause of action may be questioned for the first time in the supreme court: *Howard* v. *Horticultural Fire Relief,* 77 Or. 349 (150 Pac. 270, 151 Pac. 476). If he would prevail in this form of action he must not only disclose the terms of the oral contract for insurance, but also, in cases where a policy has been actually issued, set forth the terms of that instrument so that the court may be able to judge whether or not it is a fulfillment of the alleged oral contract. It is true that the defendant appends to its

answer as an exhibit a copy of what it alleges was a policy delivered to and accepted by the plaintiff as the contract between the parties and which differs in some respects from the oral contract stated by the plaintiff. This averment of the answer, however, is denied by the reply and hence is of no effect by way of aider to the defects in the complaint. It suffices not to aver, as in the amended complaint, that the policy tendered "did not conform to the oral contract between the parties and was not a complete performance of said oral contract." This is a mere conclusion of law and states no fact.

5. Again, it does not avail plaintiff to state his belief about the legal effect of the policy that was issued. Ignorance of the law will not excuse anyone. The principle is fully discussed in an opinion by Mr. Justice WOLVERTON in *Scott* v. *Ford,* 45 Or. 531 (78 Pac. 742, 80 Pac. 899, 68 L. R. A. 469). In *Utermehle* v. *Norment,* 197 U. S. 40 (49 L. Ed. 655, 25 Sup. Ct. Rep. 291, 3 Ann. Cas. 520, 524), it is said:

"It has been held from the earliest days, in both the federal and state courts, that a mistake of law, pure and simple, without the addition of any circumstances of fraud or misrepresentation, constitutes no basis for relief at law or in equity, and forms no excuse in favor of the party asserting that he made such mistake. *Hunt* v. *Rhodes,* 1 Pet. (U. S.) 1, 15 (7 L. Ed. 27); *United States Bank* v. *Daniel,* 12 Pet. (U. S.) 32, 55 (9 L. Ed. 989, 998); *United States* v. *Hodson,* 10 Wall. (U. S.) 395, 409 (19 L. Ed. 937, 940); *Lamborn* v. *Dickinson County Commrs.,* 97 U. S. 181, 185 (24 L. Ed. 926); *Snell* v. *Atlantic F. & M. Ins. Co.,* 98 U. S. 85, 90, 92 (25 L. Ed. 52); *Allen* v. *Galloway,* 30 Fed. 466, where HAMMOND, J., in reviewing the decisions of this court, says: 'Whatever rule may prevail elsewhere, there can be, in the equity courts of the United States, no relief from a mistake of law.' *Drake* v.

*Wild,* 70 Vt. 52, 59 (39 Atl. 248). In that case the court said (p. 59): 'That ignorance of the law does not excuse a wrong done or a right withheld; that relief from liabilities under the law, arising from a known state of facts, will be denied. But to these general rules there are exceptions, as where there is a mistake of law caused by fraud, imposition, or misrepresentation. We think it will be found that in most of the cases cited in these notes, and in Pomeroy, the party seeking relief was led into error by the action of the other party to a transaction, as in contracts and releases.' *Light* v. *Light,* 21 Pa. St. 407, 412; *Storrs* v. *Barker,* 6 Johns. Ch. (N. Y.) 166 (10 Am. Dec. 316); *Whitwell* v. *Winslow,* 134 Mass. 343, 345; *Alabama, etc. Ry. Co.* v. *Jones,* 73 Miss. 110 (55 Am. St. Rep. 488, note, 19 South. 105)."

The complaint under consideration does not state facts sufficient to constitute a cause of action.

Whether by commencing action upon the policy and afterwards abandoning the same the plaintiff has failed to avail himself of the right of prompt rescission within the doctrine of *Scott* v. *Walton,* 32 Or. 460 (52 Pac. 180), or whether he has sufficiently pleaded a mistake in the contract within the doctrine of *Hughey* v. *Smith,* 65 Or. 323 (133 Pac. 68), or whether he has stated a case of fraud against the plaintiff within the rule of pleading laid down in *Anderson* v. *Adams,* 43 Or. 621, 627 (74 Pac. 215), are questions which do not require consideration at this time. The judgment of the Circuit Court is reversed and the cause remanded for further proceedings. REVERSED AND REMANDED.

OPINION SUSTAINED ON REHEARING.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE BENSON concur.

MR. JUSTICE BEAN withhold his assent.

Former opinion sustained March 20, 1917.

## ON REHEARING.

(163 Pac. 820.)

On rehearing, former opinion is adhered to.

*Mr. R. R. Giltner,* of the firm of Giltner & Sewall, for respondent.

*Mr. John McCourt,* of the firm of Veazie, McCourt & Veazie, for appellant.

In Banc.  MR. JUSTICE BURNETT delivered the opinion of the court.

6. The judgment of the Circuit Court in this case was reversed in an opinion reported in *ante,* p. 662 (160 Pac. 536), because the complaint did not state facts sufficient to constitute a cause of action.  A rehearing having been granted it is now urged by the plaintiff that there is presented a case in which that pleading states defectively a good cause of action and must be held valid after verdict.  Counsel summarizes thus: That the defendant orally agreed to furnish a policy with certain privileges endorsed thereon in favor of the plaintiff, but failed to do so to the latter's damage in a sum mentioned, and that all this appearing in substance in the declaration we must overlook informalities occurring by way of recital and the like.  The situation of the plaintiff is not affected so much by what is omitted from his complaint as by what he has put into it showing that as a matter of law he cannot recover in this action. It is not merely a case of defective statement.  He himself in his own pleading has stated that which

defeats any cause of action he ever had for breach of a former oral contract for insurance. He shows that in performance of his alleged verbal agreement with the defendant the latter tendered to him a policy which he accepted, acted upon and retained. Under these circumstances the previous convention, if any, became *functus officio* on acceptance of the actual written policy mentioned in the complaint. That pleading shows in legal effect that the former stipulation has been performed on the part of the defendant. If the policy tendered did not comply with the provisions of the oral agreement plaintiff ought to have rejected it and so notified the defendant; but having accepted and acted upon it, as he states, the conclusion is inevitable that in this action at law it supersedes all previous negotiations and constitutes the sole standard by which the relations of the parties are to be determined: See Section 713, L. O. L. Acceptance of the policy consummates the contract of insurance: *New York Life Ins. Co.* v. *Babcock,* 104 Ga. 67 (30 S. E. 273, 69 Am. St. Rep. 134, 42 L. R. A. 88); *Newark Machine Co.* v. *Kenton Ins. Co.,* 50 Ohio St. 549 (35 N. E. 1060, 22 L. R. A. 768); *El Dia Ins. Co.* v. *Sinclair,* 228 Fed. 833 (143 C. C. A. 231).

Neither is it a question of election between a remedy upon the alleged oral agreement and the policy in question. In legal effect the complaint makes it plain that there exists but one contract between the parties and that is the one evidenced by the written policy accepted by the plaintiff and still retained by him. In brief, in point of law it is disclosed by the plaintiff's pleading that there are not two contracts between the enforcement of which the plaintiff may elect. *Kleis* v. *Niagara Fire Ins. Co.,* 117 Mich. 469

(76 N. W. 155), is a parallel case. It is there held according to the syllabus, that:

"One who accepts a policy of insurance issued to him upon his written application cannot ignore the writings, and sue upon a preliminary parol agreement to issue a policy of different form; his remedy, in case of fraud or mistake, being the reformation of the contract in equity."

In *Agricultural Ins. Co.* v. *Fritz*, 61 N. J. Law, 211 (39 Atl. 910), the complaint was to the effect that a wife acting as agent for her husband orally agreed with the insurance company that it should insure certain property in his name and execute and deliver a policy to that effect. She even paid the premium which was accepted by the company. The officer with whom she dealt stated to her that they were not then ready to issue the policy, but would send the paper through the mail. Subsequently a policy of insurance, written upon the blank used by the insurance company, made in her name as insured, came by mail to the wife who accepted and retained it with her valuables until after the property insured was destroyed by fire. It was there held that:

"The contract made by the company was that which was stated in the policy and was not a parol contract for insurance with the husband."

The case is much like *New York Life Ins. Co.* v. *McMaster*, 87 Fed. 63 (30 C. C. A. 532), in which it is stated:

"There were, as is customary in life insurance cases, negotiations, but no contract, and no intention to contract, otherwise than by policies made and delivered upon the simultaneous payment of the premiums; and the agreement upon which the appellee counts was nothing more than a representation or promise, without consideration, as to what would hap-

pen in the future,''—citing *Equitable Life Assur. Soc.*
v. *McElroy*, 49 U. S. App. 548 (28 C. C. A. 365, 83 Fed.
631) ; *Paine* v. *Pacific Mut. Life Ins. Co.*, 10 U. S. App.
256 (2 C. C. A. 459, 51 Fed. 689) ; *Heiman* v. *Phoenix
Mut. Life Ins. Co.*, 17 Minn. 153 (10 Am. Rep. 154) ;
*Markey* v. *Mutual Ben. Life Ins. Co.*, 103 Mass. 78;
*Hoyt* v. *Mutual Ben. Life Ins. Co.*, 98 Mass. 539;
*Markey* v. *Mutual Ben. Life Ins. Co.*, 118 Mass. 178.

It is apparent that at no time prior to the delivery
of the policy could the company have sued the plain-
tiff here to recover the premium. He was at liberty
at any time to refuse the policy especially if it did not
comply with the alleged oral agreement.

7. Further, the plaintiff avers in his complaint:

''That the said policy so issued should contain the
usual and customary conditions contained in such
policies of insurance and the conditions prescribed
by Chapter 175 of the Laws of 1911.''

In other words, by operation of law the insurance
statute is read into the contract and made a part
thereof with the result that the plaintiff is bound
thereby and, if he would recover for a breach of the
resulting executory agreement he must aver that he
himself has complied with all its terms so far as he
was permitted to conform to them. He must show
this before he can bring an action for a breach of it
by the other party. The complaint utterly omits to
state anything of that kind. It is unthinkable that
the plaintiff will be in a better situation in attempting
to enforce a claim for damages based on a breach of
the contract than he would be if it had been made as
he alleges it was intended.

One stipulation enjoined by the statute referred to
is that:

''No suit or action on this policy for the recovery
of any claim shall be sustainable in any court of law

or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It is without dispute that this action was not instituted until more than fifteen months after the fire and not until the plaintiff himself had abandoned his litigation upon the policy actually issued. Moreover, as stated, the complaint utterly fails to aver any compliance by the insured with the provisions of the statute to be read into and made a part of the policy. Having himself pleaded that which would defeat any possible cause of action on any oral agreement, because it was superseded by a written policy which he accepted, retained and acted upon, the plaintiff is not entitled to relief in this action. The former opinion is adhered to.

FORMER OPINION SUSTAINED,

MR. JUSTICE BENSON absent.