### SMITH et al. v. EMPIRE DISTRICT ELECTRIC CO.

No. 961.

United States District Court
W. D. Missouri, S. D.

May 26, 1950.

Horace S. Haseltine, of Lincoln, Lincoln, Haseltine & Forehand, Springfield, Mo., for plaintiffs.

E. P. Dwyer, Jr., and A. E. Spencer, Jr., Joplin, Mo., for defendant.

REEVES, Chief Judge.

The several motions of defendant are, (a) to dismiss, because of failure to state a cause of action, and (b) to strike certain averments of the pleadings as splitting causes of action and violative of Rule 10(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

■ These will be examined. The action is based upon flood damage caused by the maintenance of a dam by plaintiff on White River, a short distance below Hollister, Missouri. The statute under which the defendant operates specifically provides that the defendant would be liable for damages to private property by reason of overflows or otherwise. The averments of the complaint are that due to the presence of the dam in White River, built and maintained by the defendant, properties owned by plaintiff were damaged by an overflow of water held back and retarded by the dam. This states a cause of action. Grace v. Union Electric Company, 239 Mo.App. 1210, 200 S.W.2d 364.

It appears from the complaint or petition that the plaintiffs were the owners of considerable property or improvements on Plot 5 of the Second Addition to the Town of Hollister, Missouri; that such improvements consisted of a home occupied by plaintiff, and a camp operated by plaintiffs on another part of said plot; also certain cabins differently located on said plot; and an improvement known as White Head Home on said plot 5; another building located at a different point òn said plot 5 as mentioned in Count 5 of plaintiffs' petition; and at a different point or place, a four room cottage is mentioned in Count 6.

By its motion the defendant seeks to have stricken Counts 3, 4, 5, 6 and 7 for the reason, as it is alleged, that these counts are in their nature "a duplication and a splitting of the cause of action set forth by plaintiffs in Count 2, * * *." And, again, it is averred that the complaint is drawn in such way as to violate Rule 10(b), Federal Rules of Civil Procedure.

■ An examination of the complaint or petition discloses that plaintiffs claim to have sustained damages by a single overflow. It affected properties, however, differently situated on Plot 5 owned by them. In the briefs it is intimated that the elevation of a portion of the plot was such that legitimate defenses might be interposed by the defendant. It would have been permissible for the plaintiff to have stated a single cause of action with separate paragraphs, as provided by paragraph (b) of said Rule 10. However, it appears that the courts have been tolerant of separate counts and even have encouraged separate counts where it was to the advantage of the defendant to interpose separate defenses. The defendant, therefore, is not injured by the plaintiff stating or alleging different causes of action.

In view of the above, the defendant's motion to dismiss should be and will be overruled, and the defendant's motion to strike, in like manner, should be and will be overruled.