367 P.2d 519

**Max O. JERNIGAN, Plaintiff-Appellant,**

v.

**NEW AMSTERDAM CASUALTY COM-
PANY and Werntz Agency, Inc.,
Defendants-Appellees.**

No. 6849.

Supreme Court of New Mexico.

Dec. 18, 1961.

Bingham & Klecan, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie and Joseph J. Mullins, Albuquerque, for New Amsterdam Casualty.

Merritt W. Oldaker, Roy F. Miller, Jr., William H. Oldaker, Albuquerque, for Werntz Agency.

NOBLE, Justice.

Recovery is sought against New Amsterdam Casualty Company upon a policy of Workmen's Compensation and Employers' Liability insurance issued to Clark and Day Exploration Company, a partnership, and in the alternative, if the policy fails to cover plaintiff, against Werntz Agency, Inc. for negligent failure to secure the insurance coverage agreed upon. Appeal is taken from an order dismissing the complaint against both defendants for failure to state grounds upon which relief can be granted.

We shall refer to the parties as they appeared in the court below. The insurance company will hereafter be referred to as New Amsterdam, and Werntz Agency, Inc. as Werntz Agency; and, for clarity, we shall discuss the allegations of the complaint which are in six counts as they apply to each of the defendants separately, taking up first those against New Amsterdam. The defendants are represented by separate counsel and filed separate motions to dismiss.

Upon the dismissal of a complaint for failure to state a cause of action, we examine the complaint in the light of the rule that the motion to dismiss admits all facts well pleaded and that such a motion will only be granted where it appears that under no state of facts provable under the claim could plaintiff recover or be entitled to relief. Chavez v. Sedillo, 59 N.M. 357, 284 P.2d 1026; Adams v. Cox, 52 N.M. 56, 191 P.2d 352; Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273.

The complaint against New Amsterdam working partners of Clark and Day Ex-alleges that Jack Frizzell and plaintiff were

ploration Company and wanted workmen's compensation insurance which would cover and protect the working partners while acting within the scope of their employment by the partnership. Frizzell requested such insurance from Werntz Agency who selected New Amsterdam as the insurance company. It is alleged that Werntz Agency, as agent of New Amsterdam, prepared an application for the policy which included the salaries of the working partners upon which the insurance premiums were based; that Werntz Agency knew Frizzell and plaintiff were working partners of Clark and Day; and that only a policy was desired which would cover them as working partners. It is further alleged that it was known there was some question as to whether working partners could recover benefits against the partnership under the Workmen's Compensation law, 1953 Comp. § 59–10–1 et seq., and that there was correspondence, the contents of which are unknown to plaintiff, between the agent Werntz Agency and New Amsterdam regarding the coverage; that thereafter, the policy was issued, forwarded to Werntz Agency for delivery and delivered by Werntz Agency with the assurance that the working partners were covered. It is alleged that the premium was paid and that plaintiff relied upon the assurance that he was protected by the policy. Plaintiff was accidentally injured while in the course of his employment.

This is the second appeal growing out of the alleged injuries. Plaintiff, in the first action, filed his claim in workmen's compensation against Clark and Day and New Amsterdam, as its insurance carrier, by which, in addition, claimant alleged the contract with New Amsterdam to insure plaintiff as a working partner and estoppel to deny the coverage. Benefits under the Workmen's Compensation law were awarded plaintiff by the district court upon the theory of contract and estoppel. The judgment was reversed on appeal in Jernigan v. Clark & Day Exploration Co., 65 N.M. 355, 337 P.2d 614, 621 upon the ground that working partners are not entitled to recover against the partnership under the Workmen's Compensation law. It is conceded in this action that there is no liability on the part of Clark and Day and is seriously contended that the policy limits the liability of New Amsterdam to that of Clark and Day.

This action is directly against the insurance company upon the theory that the policy insures plaintiff against accidental injury while working in the course of his employment for Clark and Day, based upon the formulae of the benefits provided by the New Mexico Workmen's Compensation law, and that the company is estopped by its conduct from denying such coverage.

The insurance company asserts that our decision in Jernigan v. Clark &

Day is res judicata of the issues involved on this appeal. By that decision we held that application of the doctrine of estoppel and the contract theory invoked the jurisdiction of the district court "quite apart from any possessed by it under a due administration of the art invoked * * " and that in applying the contract theory and estoppel, the court acted in excess of its jurisdiction. Defendant urges, nevertheless, that plaintiff has had his day in court on the issues now before us and that they are res judicata. We cannot agree. We did not decide those issues upon the merits, but reversed the judgment as to those issues, because the trial court was without jurisdiction to hear or determine them. Trial of issues before a court without jurisdiction is the same as if the issues had never been presented. Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000. There is no real distinction between a court acting without jurisdiction and acting in excess of its jurisdiction.

■ The insurance company next directs our attention to the insuring provisions of the contract: (Coverage A)

"To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law."

and Coverage B: to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages to any employee. It is conceded there is no liability of Clark and Day under the Workmen's Compensation Act and no liability of New Amsterdam under Coverage B; that its liability is fixed by these policy terms, and is limited to the liability of Clark and Day. It further asserts that to enlarge the coverage of the policy to afford additional insurance to plaintiff would require a complete change in, and additions to the contract. Standing alone, these insuring provisions of the contract strongly indicate that the company is liable only to an employee whose injury is compensable under the Workmen's Compensation law, or where Clark and Day is liable to such employee under Coverage B; but, the limits of obligation or liability under a contract of insurance are not determined by a single sentence or clause of the instrument. It is to be examined as a whole and a proper construction arrived at from its four corners.

■ Plaintiff points out that when the instrument is considered as a whole, in the light of the interpretation given its language by the parties, New Amsterdam obligated itself directly to plaintiff in addition to that of Clark and Day, under the Workmen's Compensation law. It is well settled that an insurance contract may be drafted to cover liability in addition to that of an employer under the Workmen's Compensation law, and to make such additional liability thus assumed a direct obligation of

the insurance company to the person so covered. Fidelity & Casualty Co. of New York v. Gray, 181 Okl. 12, 72 P.2d 341; Maryland Casualty Co. v. Whitt, 167 Okl. 261, 29 P.2d 65; Iott v. Continental Cas. Co., 129 Kan. 650, 284 P. 823; Robertson v. Board of Commissioners of Labette County, 122 Kan. 486, 252 P. 196; American Mutual Liability Ins. Co. of Boston v. Duesenberg, 214 Ind. 488, 14 N.E.2d 919, 16 N.E.2d 698, 117 A.L.R. 1293; Sindelar v. Liberty Mut. Ins. Co. (C.C.A. 7), 161 F.2d 712.

A similar question was presented in Maryland Casualty Co. v. Whitt, supra, under a policy which contained similar insuring clauses. The court there, in looking to the whole instrument, found that the persons intended to be covered as employees of the city were listed in another part of the policy and among them were "police officers." It was also found that the salaries of such officers were included in the city's payroll upon which premiums were based. A police officer who was injured was not entitled to compensation under the Workmen's Compensation law because not within the hazardous occupations required by the law. The court held, however, that listing "police officers" as employees covered, and basing the premium partly upon their salaries amounted to a construction by the parties creating additional coverage to such police officers based upon the amount of benefits provided by the Workmen's

Compensation law, notwithstanding they were ineligible to receive compensation under the Workmen's Compensation law. See, also, Robertson v. Board of Commissioners of Labette County, supra.

An examination of the instant policy shows the employees and classification of operations purported to be covered by the policy set forth in the declaration, made a part of the policy, as: "Geophysical Exploration—N.O.C.—all employees including Drivers, Chauffeurs and their Helpers" and the estimated total annual payroll of such employees is listed as $12,000.

We then consider the persons described as covered, together with the allegations of the complaint that the insured was assured by the agent of the company that the working partners were covered and the allegation that their salaries were intentionally included by the agent in the payroll upon which the premium was based. We think the situations are analogous. In the one instance, the police officers and their salaries were specifically listed. In the other, the persons intended to be covered are listed as "all employees." Words which are subject to a local or special meaning attributed to them by the parties are subject to interpretation and the meaning attributed to them may, under certain circumstances, be adduced by extrinsic evidence without violating the parol evidence rule. We see no valid distinction between

the situation where "police officers," ineligible to recover workmen's compensation are named as employees whose salaries were used in computing premiums, and a situation where working partners, likewise not eligible to receive compensation, are alleged to have been included under the term "all employees" whose salaries were used as the basis for the premium, if it be established by admissible evidence that the words "all employees," as used in the policy, were intended to include such working partners.

█ The construction placed upon a contract by the parties, when properly ascertained, is controlling. Fancher v. Board of Commissioners of Grant County, 28 N.M. 179, 210 P. 237.

In Fidelity & Casualty Co. of New York v. Gray, supra [181 Okl. 12, 72 P.2d 345], it was said:

"Construction of a contract as adopted by the parties furnishes one of the strongest reasons for forcing the language of the contract to the limit of its meaning. Courts will approve such an adopted construction though the language employed 'more strongly suggests another construction.' (Pittsburg Vit. Paving & Bldg. Brick Co. v. Bailey, et ux., 76 Kan. 42, 90 P. 803, 12 L.R.A. (N.S.) 745), and when the occasion demands will even allow the practical construction to prevail over the 'literal meaning of the contract.'

District of Columbia v. Gallaher, et al.,. 124 U.S. 505, 8 S.Ct. 585, 586, 31 L.Ed. 526."

Our attention is directed to Maryland Cas. Co. v. Dutch Mill Service Co., 220 Iowa 646, 262 N.W. 776, largely relied upon by New Amsterdam. That decision is distinguishable upon its facts. There, a. person whose identity was not established was brought to the insured by an insurance: broker and made representations. That decision was based upon the failure to establish the agency of the person alleged to have made the representations. We have examined the other decisions cited by New Amsterdam as supporting their position,. and find them either distinguishable upon their facts or not persuasive.

It appears to us that the interpretation placed upon the contract by the courts of Kansas and Oklahoma corresponds to the interpretation alleged to have been placed upon the contract by the parties here. But,. New Amsterdam urges that the policy in: the instant case cannot be so construed because evidence to support the allegations. would be inadmissible under the parol evidence rule.

█ The question presented by the pleadings is whether the terms of the contract of insurance are clear or whether an uncertainty or ambiguity exists. If its terms are clear and unambiguous, intent must be ascertained from the instrument it-

self. But, if there is uncertainty or ambiguity, the intent of the parties may be ascertained from the language and conduct of the parties, the objects sought to be accomplished and the surrounding circumstances at the time. Ashley v. Fearn, 64 N.M. 51, 323 P.2d 1093. The question whether an ambiguity or uncertainty exists is one of law. Brant v. California Dairies, Inc., 4 Cal.2d 128, 48 P.2d 13.

■ The term "employees" has no fixed meaning that must control in every instance. Knight v. Board of Administration of State Employees' Retirement System, 32 Cal.2d 400, 196 P.2d 547, 5 A.L.R.2d 410. It has been said that the word "employee" has a flexible meaning depending upon the object to be accomplished by the written instrument in which it appears. Muise v. Century Indemnity Co., 319 Mass. 172, 65 N.E.2d 98; and, that the word "employee" may have different meanings in different connections. State ex rel. Maryland Casualty Company v. Hughes, 349 Mo. 1142, 164 S.W.2d 274.

The situation before us appears as well illustrated by the words of Mr. Justice Holmes in Towne v. Eisner, 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372, L.R.A. 1918D, 254, when he said:

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."

as in Harp v. Gourley, 68 N.M. 162, 359 P.2d 942, and is parallel to the situation where the word "transaction" was said in Harp v. Gourley, supra, to be uncertain, and, parol evidence admissible to explain the ambiguity.

■ Where words employed in a written instrument are susceptible of more than one interpretation, evidence of prior statements, negotiations and agreements of the parties, which merely illuminate the meaning of the contract and is offered strictly for the purpose of interpretation but which does not seek to displace or annex itself to the contract, is not within the prohibition of the parol evidence rule. McCormick on Evidence, § 218, p. 442; Harp v. Gourley, supra; Schwentker v. Hubbs, 21 N.M. 188, 153 P. 68; Hill v. Hart, 23 N.M. 226, 167 P. 710; Rotberg v. Dodwell & Co. (C.C.A. 2), 152 F.2d 100; Arbuckle v. American Lumbermens Mut. Cas. Co. of Illinois (C.C.A. 2), 129 F.2d 791; Cohn v. Kramer (C.C.A. 6), 124 F.2d 791; Stoops v. Smith, 100 Mass. 63, 1 Am.Rep. 85, 97 Am.Dec. 76; Weston v. Ball, 80 N.H. 275, 116 A. 99; Hammond v. Capitol City Mut. Fire Ins. Co., 151 Wis. 62, 138 N.W. 92, Am.Annot.Cas.1914C, 57; 3 Corbin, Contracts § 543. Compare Armstrong Paint & Varnish Works v. Continental Can Co., 301 Ill. 102, 133 N.E. 711; Remington

Rand Inc. v. Sugarland Industries, 137 Tex. 409, 153 S.W.2d 477, 484; 3 Williston, Contracts § 630 (Rev.Ed.1936) and see contra Laclede Const. Co. v. T. J. Moss Tie Co., 185 Mo. 25, 84 S.W. 76, 88.

"Where an instrument is ambiguous the construction of the parties will govern."

Maffett v. Emmons, 52 N.M. 115, 192 P.2d 557, 558.

The admission of extrinsic evidence as an aid in the interpretation of an integrated agreement does not conflict with our holding in Bell v. Lammon, 51 N.M. 113, 179 P.2d 757, or Alford v. Rowell, 44 N.M. 392, 103 P.2d 119, relied upon by defendant. Harp v. Gourley, supra. The mere allegation, however, of an interpretation by the parties does not constitute a right to utterly disregard the parol evidence rule. At this stage of the proceedings no evidence has been offered. We cannot now determine whether extrinsic evidence offered at the trial will be admissible. The question of the relevance of the evidence is one to be determined at the time it is offered or when the court determines whether it only interprets the writing or tends to show a meaning wholly unexpressed by the writing.

 It is next urged that plaintiff, not being a named insured, cannot maintain an action on the policy of insurance issued to Clark and Day. Provision 8 of the conditions of the policy, however, provides:

"The company shall be directly and primarily liable to any person entitled to the benefits of the workmen's compensation law under this policy."

The policy was issued to Clark and Day, the named insured, for its benefits and for the benefit of those persons intended by the parties to be covered, and creates a direct obligation by the company to such persons. That provision further states:

"The obligations of the company may be enforced by such person, or for his benefit by any agency authorized by law, whether against the company alone or jointly with the insured. * * *"

If it is established that plaintiff was a person intended to be covered as an additional insured, he can sue on the policy.

We next consider the complaint against Werntz Agency. Defendant first complains that since the complaint is in separate counts, each count must be sufficient in itself and must each state a claim upon which relief can be granted. Rule 8(a) (2) and (3) reads:

"A pleading which sets forth a claim for relief, * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

Rule 10(b) reads in part, as follows:

"* * * Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

Regarding our Rule 10(b), which is identical with Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., Moore, Federal Practice (2nd Ed.) Vol. 2., p. 2005, has this to say:

"The objective of the subdivision is clarity in pleading. At the same time dilatory motions for separate paragraphing or separate statements are discouraged, since rigid requirements are not laid down: * * *"

A review of the pleadings discloses that the original complaint was in a single count, and that apparently for ease in comprehension, the amended complaint was prepared in six counts, but covered substantially the same ground as the original complaint. By reason of the fact that all six counts involved the same transactions or occurrences, the rule does not require their separation into separate counts unless the court, upon motion, determines that such separation would facilitate the clear presentation of the matters involved. It follows that the complaint should be considered as a whole, and under the provisions of Rule 8(f)

should be considered so as to do substantial justice. Viewing the complaint in this light, the six counts are merely alternative pleadings of one cause of action, even though against two defendants. See, Moore, Federal Procedure (2nd Ed.) Vol. 2., p. 2009. Compare Smith v. Empire District Electric Co., D.C., 10 F.R.D. 238, which is the reverse of the situation here.

■ Considering the complaint as a whole, we think it states grounds upon which relief can be granted against the defendant Werntz Agency, Inc. The gist of the allegations are that Clark and Day requested Werntz Agency to secure insurance which would cover and protect the working partners while within the scope of their employment as such working partners; that Werntz Agency agreed to secure such insurance, and upon issuance of the policy by New Amsterdam, assured Clark and Day that the working partners were covered.

■ It seems to be well settled that an insurance agent or broker who undertakes to provide insurance for another, and through his own fault or neglect, fails to do so, is liable in the amount that would have been due under the policy of insurance if it had been obtained. Anno. 29 A.L.R.2d, § 4, p. 175 and § 29, p. 208.

■ Defendant Werntz Agency argues that liability of an agent for failure to obtain the coverage or type of insurance he agreed to secure must be predicated upon

the negligence or fault of the agent or broker. Paragraph 3 of Count 4 of the complaint alternatively alleges that if New Amsterdam is not liable to plaintiff under its policy, then Werntz Agency was negligent in carrying out its express agreement with Clark and Day. Negligence of the defendant Werntz Agency is therefore alleged. We cannot agree with defendant that the specific acts asserted to constitute such negligence must be set forth with particularity to state grounds for relief. If defendant thinks the pleading is so vague or uncertain that it cannot frame a responsive pleading thereto, a motion for a more definite statement may be made before interposing a responsive pleading. See, Rule 12(e), Moore Federal Practice, Vol. 2 (2nd Ed.) § 10.04., p. 2011.

In view of our disposition, other questions argued need not be determined on this appeal. It follows that the trial court erred in dismissing the amended complaint as to each defendant. The cause is remanded with instructions to vacate the order dismissing the amended complaint with prejudice; to reinstate the case on the docket and proceed further in a manner not inconsistent with what we have said.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.