EL PASO NATURAL GAS COMPANY, a corporation, Appellant,

v.

Frank S. KELLY, Jr., William H. McCartney and Robert L. Breedlove, Appellees.

No. 6885.

United States Court of Appeals Tenth Circuit.

Sept. 27, 1962.

Rehearing Denied Nov. 16, 1962.

A. K. Montgomery (of Seth, Montgomery, Federici & Andrews), Santa Fe, N. M. (Allen R. Grambling [of Hardie, Grambling, Sims & Galatzan], El Paso, Tex., on the brief), for appellant.

G. W. Hannett (of Hannett, Hannett & Cornish), Albuquerque, N. M. (A. T. Hannett, Albuquerque, N. M., and J. C. Smith [of Hussey & Smith], Shreveport, La., on the brief), for appellees.

Before PICKETT, LEWIS, and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

This action was brought by three individuals who were seeking a declaratory judgment with respect to their rights to share in the oil and gas production from approximately 29,000 acres in the Huerfano Unit in San Juan County, New Mexico. The plaintiffs had performed services for one James J. Hudson in promoting the development of this area. In settlement of an action to recover commissions which they brought against Hudson, he conveyed to them an interest in the 29,000 acres. The instrument of conveyance, after designating the parties to the agreement and reciting that Hudson owned an interest in certain lands, provided in part as follows:

"Now, Therefore, for and in consideration of the services heretofore rendered by Second Parties in negotiating said contract, Exhibit 1, hereto, First Party does hereby sell, assign, transfer, set over, and deliver to Second Parties Six Hundred Sixty (660) Mineral Acres out of the tracts of land mentioned and described in said contracts, Exhibits 1, 2, and 3 attached hereto, that is to say: the Second Parties shall be tenants in common with First Party in all of the lands mentioned and described in said contracts, and that their interest to the extent of Six Hundred sixty (660) Mineral Acres is a standard of measurement fixing rights of Second Parties as tenants in common in said described lands on a weighted acreage basis of the interests owned by James J. Hudson." [1]

The parties appear to be in agreement that at the time of the execution of the aforesaid contract Hudson owned an undivided interest in each of three tracts which together totaled 29,003.88 acres. He owned a different interest in the production from each tract, but a conversion of his percentage interest into mineral acres results in ownership by him of one-half of 6300 (or 3150) mineral acres in the working interest. The only dispute between the parties concerns the interpretation of the conveyance from Hudson to the plaintiffs. El Paso contends that the instrument is ambiguous, and that, as properly construed, it only granted to the plaintiffs 660/29,003.88ths of Hudson's interest in these tracts. The plaintiffs, appellees

---

[1] It appears from the record that the plaintiffs asserted that they were entitled to a commission on 22,000 acres. A commission of 3% was agreed upon, and this explains the use of the 660 mineral acres which is 3% converted into mineral acres.

here, insist that, pursuant to this conveyance, they received 660/29,003.88ths of the entire working interest in the property.[2] The trial court construed the instrument as conveying a fraction of the entire working interest, not just a fraction of Hudson's interest in the property.

During the time that the parties hereto were attempting to reach an agreement as to the plaintiffs' interest in the property there was some correspondence relating to the matter. El Paso calls attention to this correspondence, and urges that the parties, prior to the institution of this action, construed the contract to mean that the plaintiffs only received a fraction of the interest in production that Hudson had at the time the contract was executed. It relies upon the rule that courts will generally apply an interpretation given by the parties to a doubtful contract.[3] E. g., American Cyanamid Co. v. Ellis-Foster Co., 3 Cir., 298 F.2d 244; Boswell v. Chapel, 10 Cir., 298 F.2d 502; Jernigan v. New Amsterdam Cas. Co., 69 N.M. 336, 267 P.2d 519; La Luz Community Ditch Co. v. Town of Alamogordo, 34 N.M. 127, 279 P. 72. This rule, however, is not applicable here as the letters were written during negotiations to settle the dispute over the plaintiffs' interest, and the parties never reached nor acted upon an understanding as to the meaning of the contract provisions. Ellis v. Stone, 21 N.M. 730, 158 P. 480, 486, L.R.A.1916F, 1228.

The provisions of the contract are clear and unambiguous, and pursuant to it the plaintiffs acquired 660 mineral acres out of the 3150 mineral acres which Hudson owned. The evidence is undisputed that the reason for the contractual provision conveying 660 mineral acres on a weighted acreage basis was to insure to the plaintiffs that their interest would be distributed ratably among the several tracts in which Hudson held his interests so that it could not be limited to areas which might be unproductive. After the conveyance Hudson owned only 2490 mineral acres, while the plaintiffs owned 660 mineral acres, which must be allotted among the three tracts in the same proportion as Hudson's.

The trial court's computation resulted in allotting to the plaintiffs an undivided 2.425% of the working interest in the 29,003.88 acres.[4] This computa-

2. For example, El Paso would compute the plaintiffs' interest in a tract encompassing 19,029 acres in which Hudson owned one-half of 30% of the working interest, as follows:
660/29,003.88 × ½ × 30% × 19,029. This would then be converted into a percentage interest in the working interest by multiplying it by 19,029/29,003.88. The plaintiffs, in their amended complaint, advocate the following computation:
660/6300 × ½ × 30% × 19,029. This result would also then be converted into a percentage interest in the working interest by multiplying it by 19,029/29,003.-88. It is apparent that the difference in the results is substantial.

3. In its reply brief, El Paso states the question here to be:
"The construction of a contract by the parties, evidenced by their acts and writings, should be followed and enforced by the courts if such construction does not contravene legal principles, statutes, or public policy."

4. The trial court computed the plaintiffs' interest as follows:
"That at the time of the execution of the agreement between James Hudson and the plaintiffs herein, dated June 17, 1953, the interest of James Hudson was fifty (50%) per cent of:
"Thirty (30%) per cent of the working interest in 19,029 acres plus six and one-fourth (6¼%) per cent of the working interest in (4717 net) 7604 acres, plus twelve and one-half (12½%) per cent of the working interest in 2370 acres. His interest may therefore be calculated as follows:
30% of 19,029 acres equals 5,709 acres.
6¼% of 4,717 acres equals 295 acres.
12½% of 2,370 acres equals 296 acres.
or a total of 6,300 acres.
"From his holdings, James Hudson, by agreement of June 17, 1953, transferred to the plaintiffs 660 mineral acres on a weighted acreage basis. At this time Hudson had one-half (½) of a thirty percent (30%) working interest in 19,-

tion accurately reflects the plaintiffs' interest in each of the three tracts, i. e. 3.14%, 40% and 1.31%, but an incorrect result was reached by totaling them and dividing that total by two. To reduce these percentages to a percentage of the working interest in the 29,003 acres, each of them must be multiplied by the percentage of production from the 29,003 acres attributable to the respective tract, and those products should then be totaled.[5] It is not appropriate then to divide the total by two. The plaintiffs' mineral acres must be related to the total mineral acres, and they are not changed by variations in Hudson's total mineral acres. One of the reasons for describing an interest in terms of mineral acres is to protect the grantee against the possibility that the grantor's interest may be smaller than was contemplated at the time of conveyance. 1 Kuntz, Law of Oil and Gas § 16.3, at 381 (1962); 1 Williams and Meyers, Oil and Gas Law § 320.2, at 665 (1959). We agree that Hudson only owned one-half, or 3150, of the 6300 mineral acres, but this fact does not serve to reduce the plaintiffs' 660 mineral acres. Its only effect is to increase the plaintiffs' percentage of Hudson's interest.

Although neither party takes specific exception in this appeal to the percentage arrived at by the trial court, a proper determination of the action requires that the plaintiffs' percentage of the working interest be accurately computed. The trial court's construction of the convey-

029 acres, or 5,709 acres, which is 90.6% of his total holdings of 6300 acres, plus six and one-fourth per cent (6¼%) working interest in 4,717 acres net (7,604 acres gross), or 295 acres, which is 4.7% of his total holdings of 6,300 acres, plus twelve and one-half per cent (12½%) working interest in 2,370 acres, or 296 acres, which is 4.7% of his total holdings of 6,300 acres.

"Therefore, by the said instrument of June 17, 1953, James Hudson transferred to the plaintiffs one-half (½) of:
90.6% of 660 acres, or 598 acres.
4.7% of 660 acres, or 31 acres.

4.7% of 660 acres, or 31 acres, for a total of 660 mineral acres on a weighted acreage basis.
"Plaintiffs' interest in the total acreage of 29,003 acres is therefore calculated as fifty per cent (50%) of:
598 acres divided by 29,003, or 3.14%, plus
31 acres divided by 7,604, or .40%, plus
31 acres divided by 2,370, or 1.31%, making
one-half of the total of 4.85% which is 2.425% of the working interest in 29,003 acres after pay-off."

5. Assuming that each acre in the 29,003.88 acres shares equally in production, the computation would be made as follows for the three tracts:

| Interest of Plaintiffs in the Tracts | Interest of the Tracts in Production From the 29,003.88 Acres | Interest of the Plaintiffs in Production From the 29,003.88 Acres Attributable to the Tracts |
|---|---|---|
| 3.143% | $\frac{19,029}{29,003} = 65.61\%$ | 2.0621223% |
| .4077% | $\frac{7,604}{29,003} = 26.22\%$ | .10689894% |
| 1.308% | $\frac{2,370}{29,003} = 8.172\%$ | .10688976% |

The total of the plaintiffs' interest in the production from the 29,003.88 acres attributable to the three tracts is 2.275+% which, making allowance for the rounding of various figures, is the same result as that reached by dividing 660 by 29,003.88. According to the testimony of Mr. Brandiger, a certified public accountant, the results should be the same if all of the tracts are sharing proportionately, and are the only lands in the unit.

ance from Hudson to the plaintiffs is clearly correct, and in that regard the judgment is affirmed. The computation of the plaintiffs' interest based upon that construction is, however, inaccurate, and the judgment must be remanded so that the computation can be corrected in accordance with the views expressed herein.