Argued February 3, reversed and remanded May 18, 1966

# FRANKLIN ET AL v. WESTERN PACIFIC INSURANCE COMPANY ET AL

414 P. 2d 343

*Robert W. Garver*, Camas, Washington, argued the cause for appellants. With him on the brief were Garver & Garver, Camas, Washington, and Mitchell Crew, Portland.

*Raymond J. Conboy*, Portland, argued the cause for respondents Sam Gillette and Abbott W. Lawrence, dba Gillette-Lawrence Agency. With him on the brief were Hollister & Thomas and Robert H. Hollister, Portland.

*Duane Vergeer*, Portland, argued the cause for respondent Western Pacific Insurance Company. On the brief were Vergeer & Samuels and Walter H. Sweek, Portland.

Before McALLISTER, Chief Justice, and SLOAN, DENECKE, HOLMAN and LUSK, Justices.

DENECKE, J.

The trial court sustained one defendant's demurrer to plaintiffs' complaint and granted the other defendant's motion for judgment on the pleadings; therefore,

the nature of this proceeding and the facts must be found from the pleadings.

Plaintiffs' complaint reasonably can be construed as alleging as follows: The Agency agreed to write $10,000 fire insurance coverage upon plaintiffs' house; the Agency wrote such a policy for plaintiffs in the defendant Insurance Company, but without notice to plaintiffs that such policy included a provision that the $10,000 coverage was conditioned upon plaintiffs maintaining in force another existing policy of fire insurance, in the amount of $8,000, upon the premises; this condition was contained in an endorsement labeled "Premium Credit Endorsement" and made a part of the policy; the plaintiffs cancelled such other policy, a fire incurred, and the Insurance Company, acting pursuant to the endorsement, paid the plaintiffs only $2,000.

Plaintiffs sought damages in the sum of $8,000, the difference between the amount of insurance they allege the Agency informed them they had procured and the $2,000 paid by the Insurance Company. Plaintiffs alleged that the defendants Gillette and Lawrence were insurance agents and agents of the defendant Insurance Company.

The difficulty in this appeal is placing the facts in their proper legal perspective.

■ All agree that an insurance agent or broker who agrees to procure insurance for a client is liable in damages for failure to procure such insurance. *Hamacher v. Tumy*, 222 Or 341, 346-347, 352 P2d 493 (1960). Accordingly, an agent is in breach of his contract to procure if he secures insurance with different terms or coverage than that which he agreed to secure. 3 Couch, Insurance (2d ed 1960), § 25:55.

The plaintiffs allege that Mr. Franklin:

"III

"* * * [A]dvised Mr. Lawrence [Agency] that he wanted to place fire insurance of $10,000.00 upon his dwelling house * * *. That said Lawrence-Gillette Agency agreed with said Franklin that they would place such fire insurance coverage upon said dwelling house * * *.

"IV

"* * * That without the knowledge of, consent to or any discussion concerning same the said defendants attached to said fire insurance policy an endorsement requiring the plaintiffs to maintain another fire insurance policy on said property * * *."

■ We believe this pleading can be reasonably construed as stating an agreement by the Agency to procure unconditionally $10,000 fire insurance coverage, whereas the Agency secured $10,000 fire insurance conditioned upon the plaintiffs maintaining an existing policy and the Agency failed to communicate this condition to plaintiffs. Viewed in this posture, the complaint states a cause of action. We hold the trial court erred.

Defendants rely upon several Oregon decisions, including *Greenberg v. German American Ins. Co.,* 83 Or 662, 160 P 536, 163 P 820 (1917), for the proposition:

"* * * If the policy tendered did not comply with the provisions of the oral agreement plaintiff ought to have rejected it and so notified the defendant; but having accepted and acted upon it, as he states, the conclusion is inevitable that in this action at law it supersedes all previous negotiations and constitutes the sole standard by which the relations of the parties are to be determined: * * *." 83 Or at 669.

That same argument was made in *Elam v. Smithdeal Realty & Ins. Co.,* 182 NC 599, 109 SE 632, 633, 18 ALR 1210 (1921), and rejected for the reasons stated:

"* * * But in the instant case the action is not one against the insurance company in which plaintiff is seeking to hold it liable for an obligation not contained in the written policy, but plaintiff sues the agent and broker for negligent failure to perform a duty he had undertaken and assumed as agent by which plaintiff has suffered the loss complained of, and in our opinion the authorities cited are not apposite to the question presented on the record."

To the same effect see *Israelson v. Williams,* 166 App Div 25, 151 NYS 679 (1915). *Greenberg v. German American Ins. Co.,* supra (83 Or 662), and the other Oregon decisions relied upon concerned contracts of insurance with an insurer and not contracts to procure insurance with an agent. The law stated in the above quotation from *Greenberg* is not applicable in the latter kind of action. In *Greenberg* the insured did not rely upon an agent to provide an insurance contract with the terms agreed upon.

The defendants also make a somewhat similar contention that the plaintiffs had a duty to read their policy and if they had they would have learned of this condition. Defendants reason that the plaintiffs, not having read the policy, cannot recover.

 Under usual circumstances, when one contracts with another, whether it be an insurance contract or otherwise, the contracting parties have an obligation to read the contract and if they assent without so doing, they cannot come into court later and successfully contend that their agreement was different than

that expressed in the writing. For example, *Comer v. World Insurance Co.,* 212 Or 105, 127-130, 318 P2d 916 (1957). Here, however, the pleading reasonably can be construed as alleging that the Agency was the agent of the plaintiffs, as well as the Insurance Company, and the rule as to insurance agents is as stated in 3 Couch, Insurance, supra, at 370:

> "The insured, however, is not barred from suing the agent where the latter obtained a policy which did not conform to his instructions by virtue of the fact that the insured did not examine the policy and detect such nonconformity, *the principal being entitled to assume that the agent performed his duty.* \* \* \*" (Emphasis added.)

The feature that distinguishes an action against an agent on a contract to procure insurance from the usual action on a contract is that plaintiffs, as clients, "had the right to rely upon a presumed obedience to \* \* \* [their] instructions on the part of \* \* \* [their] skilled agent, and \* \* \* [were] not negligent in taking steps to investigate the matter." *Israelson v. Williams,* supra (151 NYS at 681).[1]

■ We construe plaintiffs' cause of action as a breach of a contract to procure insurance. The complaint states that the Agency is the agent of the Insurance Company. No limitations are alleged; therefore, this would include acting as agents in procuring insurance for clients. For this reason the complaint also states a cause of action against the Insurance Company.

Reversed and remanded.

---

[1] To the same effect see Jernigan v. New Amsterdam Casualty Company, 69 NM 336, 367 P2d 519 (1961); Rider v. Lynch, 42 NJ 465, 201 A2d 561 (1964); and cases collected at 29 ALR2d 171, 196 (1953).